Nicholas D. Myers (State Bar No. 251809)
Ivan U. Cisneros (State Bar No. 256232)
Anna Karenina P. Adraneda (State Bar No. 315672)
**THE MYERS LAW GROUP**
4 Executive Circle, Suite 100
Irvine, California 92614
T:  949.825.5590
E: _nicholas@themyerslg.com;ivan@themyerslg.com; litigation@themyerslg.com_

Attorneys for Plaintiff Home Comfort Heating & Air Conditioning, Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| HOME COMFORT HEATING & AIR CONDITIONING, INC., a California corporation <br><br> Plaintiff, <br><br> v. <br><br> KEN STARR INC., dba HOME COMFORT USA, a California corporation <br><br> Defendants. | Case No. 2:18-cv-02194 <br><br> Assigned to: <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. **False Designation of Origin/Federal Unfair Competition Under 15 U.S.C. § 1125(a)** <br><br> 2. **Trademark Infringement in Violation of Cal. Business & Professions Code §14200, _et seq._** <br><br> 3. **Intentional Interference with Prospective Economic Advantage** <br><br> 4. **Negligent Interference with Prospective Economic Advantage** <br><br> 5. **Palming Off** <br><br> 6. **Unjust Enrichment** <br><br> 7. **False Advertising in Violation of Cal. Business & Professions Code §17500, _et seq._** <br><br> 8. **Violation of California Business & Professions Code §§ 17200, _et seq._** |

**-JURY TRIAL DEMANDED-**

Plaintiff Home Comfort Heating & Air Conditioning, Inc., hereby complains and alleges as follows:

## THE PARTIES

**A.   PLAINTIFF**

1.     Plaintiff Home Comfort Heating & Air Conditioning, Inc. (hereinafter "Plaintiff"), is a California corporation with its principal place of business at 4200 Via Marisol, Unit 624, Los Angeles, CA 90042.

**B.   DEFENDANT**

2.     Upon information and belief, Plaintiff alleges Defendant Ken Starr, Inc. dba Home Comfort USA (hereinafter "Ken Starr") is, and at all times mentioned herein was, a California corporation, with a principal place of business at 1120 N. Tustin Ave., Anaheim, CA 92807.

3.     Upon information and belief, Defendant Ken Starr, Inc. is a provider of heating and air conditioning appliances and services.

4.     Defendants Does 1 through 20, whose identities and addresses are unknown to Plaintiff, are individuals and/or corporate entities that engaged in the activities complained of herein. The Complaint will be amended, if appropriate, to include the name or names of these individuals when such information becomes available.

5.     Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, each of the Defendants, including all Defendants sued under fictitious names, and those agents, employees, and/or independent contractors indented herein, were the agent and/or employee of each of the remaining Defendants, and in doing the things hereinafter alleged, were acting within the course and scope of this agency or employment.

6.     Defendant Ken Starr, Inc. dba Home Comfort USA and Does 1-20, shall be collectively referred to in this Complaint as "Defendants," when applicable.

THE MYERS LAW GROUP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

**JURISDICTION AND VENUE**

7.     This action arises under the Lanham Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.*, conferring Federal question jurisdiction under 28 U.S.C. § 1331, and supplemental jurisdiction on Plaintiff's state law claims under 28 U.S.C. § 1367.

8.     Venue is proper in this District pursuant to 28 U.S.C. §§1391(b)(2) as: (a) a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District; (b) Defendants conduct business in this District; and/or (c) the unlawful acts of Defendants complained of herein have been committed within this District and have had or will have had effect in this District.

**GENERAL FACTUAL ALLEGATIONS**

**A.     PLAINTIFF HOME COMFORT HEATING & AIR CONDITIONING, INC.**

9.     Plaintiff has been professionally providing heating, ventilation, and air conditioning (collectively referred to as "HVAC") services since 2003 and is well known in Los Angeles County and surrounding areas for its installation, repairs, and services for an assortment of cooling and heating systems.

10.     Plaintiff is the common law owner of various stylized and non-stylized trademarks wholly or partially comprised of the word elements "HOME COMFORT" as a result of its adoption and use of said marks commencing in 2003 and continuing through to present day.

11.     Additionally, Plaintiff is the record owner and owns all right, title, interest, and goodwill to the following marks:

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

THE MYERS LAW GROUP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

COMPLAINT FOR DAMAGES

| Mark | Jurisdiction | Ser. No | Reg. No. | First Use Date | Reg. Date | Class(es) |
|---|---|---|---|---|---|---|
| **"Plaintiff's '635 Mark"** | | | | | | |
| | State of California | N/A | 120635 | July 1, 2003 | December 10, 2015 | **037**: Installation and replacement service for heating, ventilating and air conditioning; Installation and repair heating, ventilating and air conditioning equipment. |
| **"Plaintiff's '694 Mark"** | | | | | | |
| | United States | 87177694 | *pending* | July 1, 2003 | *pending* | **037**: Air conditioning apparatus cleaning services; Air duct cleaning services; HVAC contractor services; Installation and repair of heating, ventilating and air conditioning equipment; Installation and replacement service for heating, ventilating and air conditioning systems; Maintenance of HVAC systems |

12.   Plaintiff's aforementioned services are hereinafter collectively referred to as "HOME COMFORT SERVICES."

13.   Plaintiff's aforementioned marks (including common law marks) are hereinafter collectively referred to as the "HOME COMFORT TRADEMARKS." It is worth noting that Plaintiff is the owner of still more trademarks which it uses on or in connection with its HOME COMFORT SERVICES – the aforementioned are those Plaintiff is aware of that have been infringed upon by Defendants. It is possible and likely, that Defendants have infringed other trademarks, which Plaintiff will allege once discovered.

14.   Plaintiff is in the business of providing high-quality installation, repairs, and related services for an assortment of cooling and heating systems to its consumers and advertises, promotes, markets, offers, exploits, and solicits its services to consumers through its internet webpage: *www.yourhomecomfort.com*; its FACEBOOK® account at *https://www.facebook.com/homecomfortheatingandair/*;   its   Twitter®   account   at *https://twitter.com/HomeComfortAir*; on YouTube® at *www.youtube.com*; its Google+® page at *www.plus.google.com*; and on various online review/rating websites such as YELP®, GOOGLE®, and ANGIES LIST® on or in connection with the HOME COMFORT TRADEMARKS.

15.   As a result of Plaintiff's extensive, exclusive, and continued use of the HOME

COMFORT TRADEMARKS on or in connection with offering Plaintiff's Services, Plaintiff has established strong recognition and extensive goodwill, and the public: (a) has come to recognize/identify services accompanying the HOME COMFORT TRADEMARKS as emanating from Plaintiff; and (b) recognizes that the heating & air conditioning installation, repair, and related services bearing the HOME COMFORT TRADEMARKS constitute high-quality installation, repairs, and services for an assortment of cooling and heating systems that conform to the specifications developed by Plaintiff. The HOME COMFORT TRADEMARKS are valuable assets of Plaintiff and are vital to Plaintiff's ongoing business and more specifically, Plaintiff's efforts to secure business from current and prospective consumers.

16.    As a result of its hard-earned business accomplishments and long-standing promotion of its business activities, Plaintiff has created and owns valuable intellectual properties in the form of trademarks, copyrights, and other intellectual property, including in and to the HOME COMFORT TRADEMARKS.

**B.    DEFENDANT KEN STARR, INC.**

17.    Upon information and belief, Defendants recently began to advertise, promote, market, and provide the same or substantially similar heating and air-conditioning installation, repairs, and related services under various marks including Plaintiff's HOME COMFORT TRADEMARKS, and more specifically using various marks incorporating "HOME COMFORT" as the dominant element, including the following trademarks of which Plaintiff is aware of:

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

THE MYERS LAW GROUP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

| Mark | Jurisdiction | Ser. No | Reg. No. | First Use Date | Reg. Date | Class(es) |
|---|---|---|---|---|---|---|
| **"Defendants' '370 Mark"** | | | | | | |
| HOME COMFORT USA "Call the Comfort Guys ♥ We're There!" | United States | 86689370 | **ABANDONED** | N/A | N/A | **IC 037**: HVAC Contractor Services |
| **"Defendants' '490 Mark"** | | | | | | |
| Home Comfort USA | United States | 86688490 | N/A | N/A | N/A | **IC 037**: HVAC Contractor Services |

## C.   ACTS OF INFRINGEMENT

18.   On or about the summer of 2016, Plaintiff became aware of Defendants because Plaintiff would receive telephone calls from consumers inquiring about a discount for Defendants heating and air conditioning installation, repair, and related services as marketed through Defendants' radio advertising. Plaintiff believes that consumers were under the mistaken belief that Plaintiff was offering the heating and air conditioning installation, repair, and related services as marketed in Defendants' radio advertising. Exemplars of such offer which Plaintiff is aware of is included herein:



THE MYERS LAW GROUP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

19.    Plaintiff, on their accounts, has also received and continues to receive negative online reviews/complaints from consumers complaining of defective products, faulty



installations, repairs, and related services performed by Defendants, as consumers made such postings under the mistaken belief that the faulty services were performed by Plaintiff but were actually performed by Defendants ; such complaints/negative reviews have been posted on Plaintiff's pages under the mistaken belief that the faulty services were performed by Plaintiff but were actually performed by Defendant. An exemplar of such offer which Plaintiff is aware of is included herein:

### i.    Defendants' Applications

20.    Upon information and belief on or about July 9, 2015 Defendants filed 1(b) intent-to-use U.S. Trademark Application Ser. No. 86688490 for the standard character mark HOME COMFORT USA in IC 037 for "HVAC contractor services" (hereinafter Defendants' Infringing Mark"), meaning that Defendants had the intent-to-use the HOME COMFORT USA mark on or in connection with HVAC contractor services, but had not yet actually begun using the mark on or in connection with HVAC contractor services as of the filing date of Defendants' Infringing Mark.

21.    Upon information and belief on or about May 24, 2016 Defendants' Infringing Mark was published for opposition.

THE MYERS LAW GROUP
4 Executive Circle, Suite 100
Irvine, California 92614

COMPLAINT FOR DAMAGES

22. On or about June 20, 2016 Plaintiff filed an Extension of Time to Oppose the registration of Defendants' Infringing Mark.

23. On or about September 21, 2016, Plaintiff filed a Notice of Opposition to oppose Defendants' Infringing Mark, to prevent such mark from obtaining federal registration; Opposition Proceeding No. 91230217.

24. Upon information and belief Defendants' U.S. Trademark Application Serial No. 86689370 (hereinafter referred to as the "'370 Mark") was filed on July 10, 2015 and abandoned on April 21, 2016. However, Defendants continue to use the '370 Mark.

**ii.   Plaintiff's U.S. Trademark Application**

25. On or about September 20, 2016 Plaintiff filed U.S. Trademark Application Ser. No. 87177694 for the stylized mark HOME COMFORT which is partially comprised of the word elements "HOME COMFORT" (hereinafter "Plaintiff's '694 Mark").

26. On or about February 14, 2017 Plaintiff's '694 Mark was published for opposition.

27. On or about March 13, 2017 Defendants filed an extension of time to oppose Plaintiff's '694 Mark.

28. On or about June 14, 2017 Defendants filed an Opposition to oppose Plaintiff's U.S. Trademark Application, to prevent Plaintiff's '694 Mark from obtaining registration; Opposition Proceeding No. 91235088.

29. On or about August 24, 2017 Plaintiff and Defendants filed a joint motion to consolidate Opposition Nos. 91230217 and 91235088, which was consolidated in August 28, 2017.

**iii.   Plaintiff's Efforts to Amicably Resolve the Matter**

30. Since at least as early as December 20, 2016 Plaintiff and Defendants have engaged in settlement communications while also engaged in the foregoing Opposition proceedings.

31. Plaintiff has been taking escalating steps to prevent Defendant from encroaching upon the tremendous goodwill and reputation in and to the HOME COMFORT TRADEMARKS.

THE MYERS LAW GROUP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

32.     Plaintiff had hoped that an amicable resolution including Defendants' cessation of infringement was possible however, rather than work toward resolution Defendants' expansion, encroachment. and infringement appear to be escalating as instances of mistake, consumer confusion, and damage to Plaintiff's goodwill and reputation, seem to be increasing both in quantity and magnitude.

## FIRST CAUSE OF ACTION

**FALSE DESIGNATION OF ORIGIN/FEDERAL UNFAIR COMPETITION**

**UNDER 15 U.S.C. § 1125(a)**

**BY PLAINTIFF HOME COMFORT AGAINST ALL DEFENDANTS**

33.     Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 32, inclusive, and incorporates them by reference herein.

34.     As herein alleged, Defendants' unauthorized use of the HOME COMFORT TRADEMARKS in connection with their purported offering for sale and selling of exact or substantially similar heating & air conditioning installation, repair, and related services constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), because Defendants' use suggests a false designation of the origin of the goods that they are purporting to sell.

35.     As a direct and legal result of Defendants' unauthorized use of the HOME COMFORT TRADEMARKS, Defendants have damaged and will continue to damage Plaintiff, its goodwill, and reputation; and have caused and are likely to continue to cause a loss of profits for Plaintiff.  Defendants' actions have caused and will continue to cause irreparable harm to Plaintiff and to the public, who is confused by Defendants' unauthorized use of the HOME COMFORT TRADEMARKS, unless restrained and enjoined by this Court.  Plaintiff has no adequate remedy at law to prevent Defendants from continuing their infringing actions and from injuring Plaintiff and its goodwill.

36.     As a further direct and legal result of Defendants' actions, Plaintiff has been damaged and will continue to sustain damage and is entitled to receive compensation arising from Plaintiff's lost profits and efforts necessary to minimize and/or prevent

THE MYERS LAW GROUP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

customer and consumer confusion, in an amount to be proven at the time of Trial.  In addition, Plaintiff is entitled to disgorge Defendants' profits, and is entitled to interest and to its attorneys' fees and costs in bringing this action, all in an amount to be proven at the time of Trial.  Plaintiff is further entitled to injunctive relief as set forth above, and to all other and further forms of relief this Court deems appropriate.

## SECOND CAUSE OF ACTION

### TRADEMARK INFRINGEMENT IN VIOLATION OF
### CALIFORNIA BUSINESS & PROFESSIONS CODE § 14200, *ET SEQ.*
### BY PLAINTIFF HOME COMFORT AGAINST ALL DEFENDANTS

37.    Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 36 inclusive, and incorporates them by reference herein.

38.    As herein alleged, Defendants' willful, deliberate, and unauthorized use of the HOME COMFORT TRADEMARKS has caused confusion and is likely to continue to cause confusion, mistake, and deception in that consumers are likely to associate and believe Defendants are associated with, connected to, affiliated with, authorized by, endorsed by, licensed by, and/or sponsored by Plaintiff, in violation of California Business & Professions Code § 14245(a)(1).

39.    As a direct and legal result of Defendants' unauthorized use of the HOME COMFORT TRADEMARKS, Defendants have damaged and will continue to damage Plaintiff's goodwill and reputation, and have caused and are likely to continue to cause a loss of profits for Plaintiff.  Defendants' actions have caused and, unless restrained and enjoined by the Court, will continue to cause irreparable harm to Plaintiff and to the public, who is confused by Defendants' unauthorized use of the HOME COMFORT TRADEMARKS.  Plaintiff has no adequate remedy at law to prevent Defendants from continuing their infringing actions and from injuring Plaintiff.

40.    As a further direct and legal result of Defendants' actions, Plaintiff has been damaged and will continue to sustain damage and is entitled to receive compensation arising from its lost profits and efforts necessary to minimize and/or prevent customer

THE MYERS LAW GROUP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

and consumer confusion, in an amount to be proven at the time of Trial.  In addition, Plaintiff is entitled to disgorge Defendants' profits, and is entitled to interest and to its attorneys' fees and costs in bringing this action, all in an amount to be proven at the time of Trial.  Plaintiff is further entitled to punitive damages, injunctive relief, destruction of all materials bearing the HOME COMFORT TRADEMARKS, and/or recall the goods bearing the HOME COMFORT TRADEMARKS, and to all other and further forms of relief this Court deems appropriate.

## THIRD CAUSE OF ACTION

### INTENTIONAL INTERFERENCE WITH

### PROSPECTIVE ECONOMIC ADVANTAGE

### BY PLAINTIFF HOME COMFORT AGAINST ALL DEFENDANTS

41.    Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 40, inclusive, and incorporates them by reference herein.

42.    An economic relationship existed between Plaintiff and consumers it previously sold to as well as prospective consumers with the probability of substantial future economic benefits to Plaintiff.

43.    Plaintiff is informed, believes, and on that basis alleges, by virtue of its relationship with certain consumers and their representatives, Defendants, and each of them, knew or should have known that their conduct to sell to these consumers through the unauthorized use of Plaintiff's own property would deprive Plaintiff of substantial amounts of monies.

44.    Plaintiff is informed, believes, and on that basis alleges, that Defendants intentionally engaged in unlawful conduct, as hereinabove alleged, which was designed to not only disrupt Plaintiff's potential economic benefit from its relationship with existing and prospective consumers, but to actually steal such business away from Plaintiff.

45.    As a legal result of Defendants' unlawful conduct, Plaintiff has suffered substantial economic damage in an amount subject to proof at Trial.

46.    The unlawful conduct demonstrates that Defendants acted oppressively and with

malice within the meaning of <u>Cal. Civ. Code</u> § 3294, entitling Plaintiff to punitive or exemplary damages in an amount sufficient to punish Defendants and to make an example of each to the community such that they will not engage in such conduct in the future.

## FOURTH CAUSE OF ACTION

### NEGLIGENT INTERFERENCE WITH
### PROSPECTIVE ECONOMIC ADVANTAGE
### BY PLAINTIFF HOME COMFORT AGAINST ALL DEFENDANTS

47.    Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 46, inclusive, and incorporates them by reference herein.

48.    An economic relationship existed between Plaintiff and consumers it previously sold to as well as prospective consumers with the probability of substantial future economic benefits to Plaintiff.

49.    Plaintiff is informed, believes, and on that basis alleges, by virtue of its relationship with certain consumers and their representatives, Defendants, and each of them, knew or should have known that their conduct to sell to these consumers through the unauthorized use of Plaintiff's own property would deprive Plaintiff of substantial amounts of monies.

50.    Plaintiff is informed, believes, and on that basis alleges, that Defendants engaged in unlawful conduct, as hereinabove alleged, which they knew or should have known would disrupt Plaintiff's potential benefit from its relationship with customers and other prospective clients.

51.    As a legal result of Defendants' unlawful conduct, Plaintiff has suffered substantial economic damage in an amount subject to proof at Trial.

## FIFTH CAUSE OF ACTION

### PALMING OFF
### BY PLAINTIFF HOME COMFORT AGAINST ALL DEFENDANTS

52.    Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 51 inclusive, and incorporates them by reference herein.

THE MYERS LAW GROUP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

THE MYERS LAW GROUP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

53.     Plaintiff is informed, believes, and on that basis alleges, that Defendants' are offering, promoting, advertising for sale and/or selling Defendants' heating & air conditioning installation, repair, and related services in the exact and/or substantially similar nature to Plaintiff's offering, promoting, and advertising and, thus unfairly competing with Plaintiff.

54.     Plaintiff is informed, believes, and on that basis alleges, that Defendants intentionally and deceptively titled and designed their services to mislead consumers into believing that the heating and air conditioning installation, repairs, and related services are related to, or authorized by, Plaintiff.

55.     Plaintiff is informed, believes, and on that basis alleges, that Defendants offer, promote, and/or advertise for sale and/or sell similar and, in some instances, the exact heating & air conditioning installation, repair, and related services, in similar and, in some instances, the same channels of trade, and, thus, Defendants and Plaintiff are direct competitors.

56.     As a legal result of Defendants' unlawful conduct, Plaintiff has suffered substantial economic damage in an amount subject to proof at Trial.

57.     The unlawful conduct demonstrates that Defendants acted in conscious disregard of Plaintiff's rights, entitling Plaintiff to punitive damages in an amount sufficient to punish Defendants and to make an example of each to the community such that they will not engage in such conduct in the future.

## SIXTH CAUSE OF ACTION

### UNJUST ENRICHMENT

### BY PLAINTIFF HOME COMFORT AGAINST ALL DEFENDANTS

58.     Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 57, inclusive, and incorporates them by reference herein.

59.     The unlawful conduct of Defendants, and each of them, as alleged hereinabove has secured, and will secure, value to Defendants which unjustly enriches Defendants to the detriment of Plaintiff.  By its Complaint, Plaintiff requests the disgorgement of all value

unjustly earned or retained by Defendants.

60.    As a legal result of their unlawful conduct, Defendants have been unjustly enriched and, at the same time, are causing a loss of revenue to Plaintiff to its detriment.

61.    Plaintiff is entitled to recover from Defendants, and each of them, their unjust enrichment including gains, profits, and advantages they have obtained as a result of their wrongful acts as alleged herein. Plaintiff is presently unable to ascertain the full extent of Defendants' unjust enrichment including gains, profits, and advantages obtained by reason of the aforesaid wrongful conduct.

## SEVENTH CAUSE OF ACTION

### FALSE ADVERTISING IN VIOLATION OF

### CALIFORNIA BUSINESS & PROFESSIONS CODE § 17500, *ET SEQ.*

### BY PLAINTIFF HOME COMFORT AGAINST ALL DEFENDANTS

62.    Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 61, inclusive, and incorporates them by reference herein.

63.    The actions of Defendants herein alleged are unfair and unlawful, and also violate California Business & Professions Code §§17500, *et seq.*

64.    As a result of the Defendants' false and misleading advertising, potential and actual consumers have been, and will continue to be, misled about the source and legitimacy of the heating & air conditioning installation, repair, and related services being wrongfully marketed, advertised, and sold by Defendants bearing the HOME COMFORT TRADEMARKS in which Plaintiff has established common law and statutory rights. Defendants knew that the advertising was untrue and misleading and willfully continue to advertise, promote, and sell such heating & air conditioning installation, repair, and related services to consumers.

65.    As a result of the above-described conduct, Defendants have been, and will continue to be, unjustly enriched in profits, income, and ill-gotten gains at the expense of Plaintiff and consumers in California and the United States.

66.    As a further result of the above-described conduct, Plaintiff has been, and will

THE MYERS LAW GROUP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

continue to be, unjustly deprived of the full value of the goodwill associated with Plaintiff's HOME COMFORT TRADEMARKS in which Plaintiff has established common law and statutory rights. The wrongful acts of Defendants, as alleged herein, unless restrained and enjoined by order of this Court, will cause great and irreparable injury to the general public and to Plaintiff, its business, its reputation, and its goodwill. Plaintiff has no adequate remedy at law for the injuries that have been or will continue to be sustained in this action.

### EIGHTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA

### BUSINESS & PROFESSIONS CODE § 17200, *ET SEQ.*

### BY PLAINTIFF HOME COMFORT AGAINST ALL DEFENDANTS

67.     Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 66, inclusive, and incorporate them by reference herein.

68.     Defendants as alleged herein have committed acts of unfair competition, as defined by <u>California Business & Professions Code</u> § 17200, *et seq*.  The acts and business practices described herein constituted and constitute a common course of unfair competition by means of unfair, unlawful, and/or fraudulent business acts or practices within the meaning of the Unfair Competition Laws ("UCL"), as well as the common law of the State of California, including, but in no way limited to, the following:

<u>Unlawful</u>:   Defendants' acts and business practices as described above are unlawful and fraudulent on numerous grounds including, but not limited to, that they constitute: (1) the infringement of Plaintiff's trademark rights; and (2) the misappropriation and conversion of the HOME COMFORT TRADEMARKS to gain an unfair competitive advantage in the marketplace.

<u>Unfair</u>:       Defendants' acts and business practices as described above are unfair since they violate California's public policy against unjustly enriching one party at the expense of another.  Plaintiff has sustained injuries resulting from the above-described conduct, in particular the misappropriation and use of the HOME COMFORT

THE MYERS LAW GROUP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

TRADEMARKS in the marketplace, and the injury is not outweighed by any offsetting consumer or competitive benefits of that practice.  As set forth above, even if the conduct were not specifically unlawful, it violates the spirit or policy of the law as it has been established by statute, common law, and industry practice or otherwise.

69.    Plaintiff is entitled to restitution of any monies obtained by Defendants as a direct and legal result of the violations of the UCL and common law.

70.    The wrongful acts of Defendants as alleged herein, unless restrained and enjoined by order of this Court, will cause great and irreparable injury to the general public and to Plaintiff.  Plaintiff has no adequate remedy at law for the injuries that have been or will continue to be sustained.

71.    Plaintiff have incurred, and will continue to incur, litigation expenses, as well as court costs, as a direct, proximate, and legal result of Defendants' wrongful conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter judgment in its favor and against Defendants as follows:

### **ON FIRST CAUSE OF ACTION**
### **(Trademark Infringement)**

1.    That it be found that Plaintiff's HOME COMFORT TRADEMARKS have been infringed by Defendants' acts under 15 U.S.C. § 1125;

2.    That it be found that Defendants, and each of them, have unfairly competed with Plaintiff in violation of 15 U.S.C. § 1125;

3.    That it be found that Plaintiff is entitled to recover damages from Defendants, and each of them, for Defendants' acts of unfair competition and unjust enrichment, and that Plaintiff further recover punitive damages because Defendants' acts have been willful, fraudulent, oppressive, and/or malicious;

4.    That Defendants, and each of them, their officers, shareholders, directors, agents, servants, employees, attorneys, parent companies, confederates, and all persons in active concert or participation with them now and in the future, be enjoined from:

THE MYERS LAW GROUP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

a. Using any combination, reproduction, counterfeit, copy, or colorable imitation of the HOME COMFORT TRADEMARKS in connection with the advertising, promotion of, offering of heating and/or air conditioning installation, repairs, and related services of which are the same or similar to those offered by Plaintiff, or likely to be confused with those of Plaintiff, or likely to injure Plaintiff's business, reputation or the reputation of the HOME COMFORT TRADEMARKS;

b. Using any combination, reproduction, counterfeit, copy or colorable imitation of the HOME COMFORT TRADEMARKS in any manner likely to cause confusion, to cause mistake, or to deceive the public;

c. Selling, offering, advertising, promoting, or passing off, inducing, or enabling others to sell, offer to sell, advertise, promote, or pass off any heating and/or air conditioning installation, repairs, and related services similar to those provided by Plaintiff under a name or mark the same as or similar to Plaintiff's HOME COMFORT TRADEMARKS;

d. Committing any acts calculated to cause customers or consumers to believe that Defendants' services are approved, licensed, sponsored by, or endorsed by Plaintiff; and

e. Otherwise competing unfairly with Plaintiff in any manner, including, but not limited to, infringing usage of Plaintiff's HOME COMFORT TRADEMARKS, or any confusingly similar marks.

5. That Defendants, and each of them, be required to deliver up to Plaintiff for destruction, any and all materials which infringe Plaintiff HOME COMFORT TRADEMARKS in Defendants' possession or under their control;

6. That Defendants be required to deliver up to Plaintiff for destruction, any and all catalogs, circulars, coupons, fliers, and other printed material in Defendants' possession or under its control displaying or exploiting Plaintiff's HOME COMFORT TRADEMARKS;

THE MYERS LAW GROUP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

7.     That Defendants be required to cease any and all advertising, online ads, mobile applications ads, television ads, radio ads, and other related intangible methods of advertising and/or promoting under Defendants control from displaying or exploiting Plaintiff's HOME COMFORT TRADEMARKS;

8.     That Defendants be required to supply Plaintiff with a complete list of entities or individuals to whom they have offered heating and air conditionings, installation, repairs, and related services bearing Plaintiff's HOME COMFORT TRADEMARKS, or any confusingly similar marks, and be required to contact such entities, inform them that such services are no longer offered and may no longer be offered;

9.     That Defendants be ordered pursuant to 15 U.S.C. § 1116(a) to file, with the Court and serve upon Plaintiff, within thirty (30) days of the entry of injunction prayed for herein, a written report, under oath or affirmed under penalty of perjury, setting forth in detail the form and manner in which it has complied with the ordered permanent injunction; and

10.     Such other and further relief at law or in equity, to which the Court deems just and proper.

## ON THE SECOND CAUSE OF ACTION

### (Trademark Infringement in Violation of

### California Business and Professions Code § 14200)

11.     That it be found that Plaintiff's HOME COMFORT TRADEMARKS have been infringed by Defendants' acts under California Business & Professions Code § 14200, *et seq.*;

12.     That it be found that Plaintiff is entitled to recover damages from Defendants, and each of them, for their acts of trademark infringement in violation of California Business & Professions Code § 14200, *et seq.*;

13.     That it be found that Plaintiff is entitled to recover damages from Defendants, and each of them, for Defendants' acts of unfair competition and unjust enrichment, and that Plaintiff further recover punitive damages under California law because Defendants' acts

have been willful, fraudulent, oppressive, and/or malicious;

14.    That Defendants, and each of them, their officers, shareholders, directors, agents, servants, employees, attorneys, parent companies, confederates, and all persons in active concert or participation with them now and in the future, be enjoined from:

    a.    Using any combination, reproduction, counterfeit, copy, or colorable imitation of the HOME COMFORT TRADEMARKS in connection with the advertising, promotion of, offering of heating and/or air conditioning installation, repairs, and related services of which are the same or similar to those offered by Plaintiff, or likely to be confused with those of Plaintiff, or likely to injure Plaintiff's business, reputation or the reputation of the HOME COMFORT TRADEMARKS;

    b.    Using any combination, reproduction, counterfeit, copy or colorable imitation of the HOME COMFORT TRADEMARKS in any manner likely to cause confusion, to cause mistake, or to deceive the public;

    c.    Selling, offering to sell, advertising, promoting, or passing off, inducing, or enabling others to sell, offer to sell, advertise, promote, or pass off any heating and/or air conditioning installation, repairs, and related services similar to those provided by Plaintiff under a name or mark the same as or similar to Plaintiff's HOME COMFORT TRADEMARKS;

    d.    Committing any acts calculated to cause customers or consumers to believe that Defendants' heating & air conditioning installation, repair, and related services are approved, licensed, sponsored by, or endorsed by Plaintiff; and

    e.    Otherwise competing unfairly with Plaintiff in any manner, including, but not limited to, infringing usage of Plaintiff's HOME COMFORT TRADEMARKS, or any confusingly similar marks.

15.    That Defendants, and each of them, be required to deliver up to Plaintiff for destruction, any and all materials which infringe Plaintiff HOME COMFORT TRADEMARKS in Defendants' possession or under their control;

THE MYERS LAW GROUP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

16.    That Defendants be required to deliver up to Plaintiff for destruction, any and all catalogs, circulars, coupons, fliers, and other printed material in Defendants' possession or under its control displaying or exploiting Plaintiff's HOME COMFORT TRADEMARKS;

17.    That Defendants be required to cease any and all advertising, online ads, mobile applications ads, television ads, radio ads, and other related intangible methods of advertising and/or promoting under Defendants control from displaying or exploiting Plaintiff's HOME COMFORT TRADEMARKS;

18.    That Defendants be required to supply Plaintiff with a complete list of entities or individuals to whom they have offered heating and air conditionings, installation, repairs, and related services bearing Plaintiff's HOME COMFORT TRADEMARKS, or any confusingly similar marks, and be required to contact such entities, inform them that such services are no longer offered and may no longer be offered;

19.    Such other and further relief at law or in equity, to which the Court deems just and proper.

**ON THE THIRD CAUSE OF ACTION**

**(Intentional Interference with**

**Prospective Economic Advantage)**

20.    For general, special, and consequential damages in an amount to be proven at the time of Trial;

21.    For a preliminary and permanent injunction;

22.    For punitive and exemplary damages in an amount sufficient to punish and make an example of Defendants;

23.    For legal interest;

24.    For costs of suit incurred herein;

25.    For reasonable attorneys' fees; and

26.    Such other and further relief at law or in equity, to which the Court deems just and proper.

## ON THE FOURTH CAUSE OF ACTION

### (Negligent Interference with

### Prospective Economic Advantage)

27.    For general, special, and consequential damages in an amount to be proven at the time of Trial;

28.    For a preliminary and permanent injunction;

29.    For legal interest;

30.    For costs of suit incurred herein;

31.    For reasonable attorneys' fees; and

32.    Such other and further relief at law or in equity, to which the Court deems just and proper.

## ON THE FIFTH CAUSE OF ACTION

### (Palming Off)

33.    For an order enjoining Defendants from engaging in acts which constitute palming off;

34.    For an award of compensatory damages according to proof at the time of Trial, and that Plaintiff further recover punitive damages under California law because Defendants' acts have been willful, fraudulent, oppressive, and/or malicious; and

35.    Such other and further relief at law or in equity, to which the Court deems just and proper.

## ON THE SIXTH CAUSE OF ACTION

### (Unjust Enrichment)

36.    For damages in an amount according to proof at the time of Trial;

37.    For interest on the sum of damages awarded;

38.    For costs of suit incurred herein; and

39.    Such other and further relief at law or in equity, to which the Court deems just and proper.

/ / /

THE MYERS LAW GROUP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

THE MYERS LAW GROUP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

## ON THE SEVENTH CAUSE OF ACTION

### (False Advertising in Violation of

### California Business & Professions Code § 17500)

40.    For an order enjoining Defendants from engaging in acts which are unlawful, fraudulent, unfair, and deceptive within the meaning of California Business & Professions Code § 17500;

41.    For an order that Defendants restore to the general public all funds acquired through their schemes of economic and business duress which are unlawful, fraudulent, unfair, and deceptive within the meaning of California Business & Professions Code § 17500;

42.    For an award of compensatory damages according to proof at the time of Trial;

43.    For attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure §1021.5; and

44.    Such other and further relief at law or in equity, which the Court deems just and proper.

## ON THE EIGHTH CAUSE OF ACTION

### (Unfair Competition in Violation of

### California Business & Professions Code § 17200)

45.    For an order enjoining Defendants from engaging in acts which are unlawful, fraudulent, unfair, and deceptive within the meaning of California Business & Professions Code § 17200;

46.    For an order that Defendants restore to the general public all funds acquired through their infringing activities which are unlawful, fraudulent, unfair, and deceptive within the meaning of California Business & Professions Code § 17200;

47.    For an award of compensatory damages according to proof at the time of Trial;

48.    Attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure §1021.5; and

/ / /

49.     Such other and further relief at law or in equity, to which the Court deems just and proper.

Dated:  March 22, 2018                    **THE MYERS LAW GROUP**


                                          /s/ Nicholas D. Myers
                                          Nicholas D. Myers
                                          Ivan U. Cisneros
                                          Anna Karenina P. Adraneda
                                          Attorneys for Plaintiff
                                          HOME HEATING & AIR
                                          CONDITIONING, INC.

THE MYERS LAW GROUP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

1

## **DEMAND FOR JURY TRIAL**

2   Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules

3 of Civil Procedure.

4

5 Dated:  March 22, 2018    **THE MYERS LAW GROUP**

6
             /s/ Nicholas D. Myers

7             Nicholas D. Myers

             Ivan U. Cisneros
8
             Anna Karenina P. Adraneda
9
             Attorneys for Plaintiff

10            HOME HEATING & AIR CONDITIONING,
             INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THE MYERS LAW GROUP
4 Executive Circle, Suite 100
Irvine, California 92614

---

COMPLAINT FOR DAMAGES

## Central District of California Case No. 2:18-cv-02194

Service of the attached document was accomplished pursuant to Central District of California, Order Authorizing Electronic Filing, General Order No. 08-03 and Local Rule 5.3-3, which provide in part: "Upon the electronic filing of a document, a Notice of Electronic Filing (NEF) is automatically generated by the CM/ECF system and sent by e-mail to all attorneys in the case who are registered as CM/ECF Users and have consented to electronic service. Service by this electronic NEF constitutes service pursuant to the Federal Rules of Civil and Criminal Procedure for all attorneys who have consented to electronic service."

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on March 22, 2018, at Irvine, California.

/s/ Nicholas D. Myers
Nicholas D. Myers

THE MYERS LAW GROUP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614