Nicholas D. Myers (State Bar No. 251809)
Ivan U. Cisneros (State Bar No. 256232)
Anna Karenina P. Adraneda (State Bar No. 315672)
**THE MYERS LAW GROUP**
4 Executive Circle, Suite 100
Irvine, California 92614
T:  949.825.5590
E: nicholas@themyerslg.com;ivan@themyerslg.com;litigation@themyerslg.com

Attorneys for Plaintiff,
HOME COMFORT HEATING & AIR CONDITIONING, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| HOME COMFORT HEATING & AIR CONDITIONING, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>KEN STARR INC., dba HOME COMFORT USA, a California corporation,<br><br>Defendants. | Case No. 8:18-cv-00469-JLS-DFM<br><br>Assigned to:<br>*Honorable Judge Josephine L. Staton*<br>Courtroom 10A<br><br>**PLAINTIFF HOME COMFORT HEATING & AIR CONDITIONING, INC.'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION** *[Filed concurrently with supporting Declaration of Nicholas D. Myers and John Farrugia; [Proposed] Order]*<br><br>**Hearing**<br>**Date:       June 15, 2018**<br>**Time:       2:30 p.m.**<br>**Location:   10A** |

*///*

*///*

THE MYERS LAW GROUP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

1

**PLAINTIFF HOME COMFORT HEATING & AIR CONDITIONING, INC.'S
NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION**

## TO THE HONORABLE COURT AND ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at 2:30 p.m., or as soon thereafter as this matter may be heard in <u>Courtroom 10A</u> of the above entitled court located at <u>411 W. Fourth Street, Santa Ana, California, 92701</u>, Plaintiff, HOME COMFORT HEATING & AIR CONDITIONING, INC. ("Plaintiff") hereby moves this Court pursuant to Federal Rule of Civil Procedure 65(a), Local Rule 65-1, California Business and Professions Code Section 17203, and the Court's inherent and equitable authority, for the issuance of a Preliminary Injunction against Defendant, KEN STARR INC. dba HOME COMFORT USA, and anyone in privity with them, specifically including DOES 1 through 20 (collectively "Defendants").

Defendants have committed various acts in violation of laws governing trademark laws and unfair business practices. Despite written notification of said actions and their negative effect upon Plaintiff, Defendants continue to advertise, promote, market, offer for sale, and/or sell services infringing the intellectual property rights of Plaintiff. The foregoing has and will continue to: (i) cause irreparable damage to Plaintiff's reputation for high quality services; (ii) cause irreparable damage to Plaintiff's reputation for consumer satisfaction; and (iii) diminish the value of Plaintiff's trademark rights.

By its Motion, Plaintiff seeks the issuance of a Preliminary Injunction enjoining Defendants from:

1.  Engaging in the unauthorized, advertising, promoting, marketing, offering for sale, and/or sale of heating and air-conditioning, installation, repairs, and related services, similar to Plaintiff's heating and air-conditioning, installation, repairs, and related services, which directly infringe on and/or incorporate Plaintiff's HOME COMFORT TRADEMARKS which are protected by trademark law;

2.  Engaging in any and all further exploitation, reproduction, distribution, advertising, promoting, marketing, offering for sale and/or the sale of, or any other activity involving any and all of Plaintiff's HOME COMFORT

2

TRADEMARKS;

3. Taking any other act calculated to or likely to compete unfairly with Plaintiff; and

4. Destroying, altering, secreting, or in any manner causing spoliation to any and all property, documents, computer disks and drives, electronically stored information, material, or other tangible things constituting, containing, derived from, or in any way embodying, in whole or in part: (a) any of Plaintiff's trademarks; (b) any other information relating to Defendants' advertising, promoting, marketing, offering for sale, and/or selling of heating & air conditioning HVAC services bearing Plaintiff's HOME COMFORT TRADEMARKS; and (c) any documents or things relevant to this action.

As set forth in the attached Memorandum of Points and Authorities, the relief requested herein is authorized by law and such relief has been granted by this Court and other courts in this Judicial District in similar cases.  This Motion is further supported by the declarations and exhibits filed herewith. As demonstrated, Defendants' acts are egregious in nature and Plaintiff respectfully requests the Court grant the injunctive relief sought.

Dated:  March 28, 2018

Respectfully submitted,

**THE MYERS LAW GROUP**
/s/ Nicholas D. Myers
Nicholas D. Myers
Ivan U. Cisneros
Attorneys for Plaintiff
HOME COMFORT HEATING & AIR
CONDITIONING, INC.

**PLAINTIFF HOME COMFORT HEATING & AIR CONDITIONING, INC.'S
NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION**

# TABLE OF CONTENTS

I.   STATEMENT OF FACTS ............................................................................. 1

   A.   Plaintiff's Trademarks ...................................................................... 1

   B.   Defendants' Unlawful Conduct ........................................................ 2

   C.   Acts of Infringement ........................................................................ 3

   D.   Defendants' U.S. Trademark Applications ...................................... 5

   E.   Plaintiff's U.S. Trademark Application ........................................... 5

II.  BRIEF TIMELINE SUMMARY ................................................................. 6

III. ARGUMENT .............................................................................................. 7

   A.   Injunctive Relief is Appropriate for Trademark Infringement ......... 7

   B.   Preliminary Injunction Standard ...................................................... 8

   C.   Likelihood of Success on the Merits ................................................ 8

   1.   Plaintiff is Likely to Succeed on Trademark Infringement .............. 8

   2.   Plaintiff's California Trademark Registration ................................. 16

   3.   Violation of Business and Professions Code § 17500 et seq. .......... 16

   4.   Violation of Business and Professions Code § 17200 et seq. .......... 17

   5.   Intentional Interference with Prospective Economic Advantage ...... 17

   6.   Negligent Interference with Prospective Economic Advantage ........ 19

   7.   Palming Off .................................................................................... 19

   D.   Likelihood of Irreparable Harm Absent Relief. .............................. 20

   E.   Balance of Equities Tips in Plaintiff's Favor ................................. 22

   F.   Injunction is in the Public Interest .................................................. 23

IV.  A BOND SHOULD NOT BE REQUIRED ............................................... 25

V.   CONCLUSION .......................................................................................... 25

THE MYERS LAW GROUP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

i

**PLAINTIFF HOME COMFORT HEATING & AIR CONDITIONING, INC.'S
NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION**

THE MYERS LAW GROUP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

# FEDERAL CASES

*Accuride Int'l, Inc. v. Accuride Corp.*,
  871 F.2d 1531, 1536 (9th Cir. 1989) ................................................................ 11
*Alliance for the Wild Rockies v. Cottrell*,
  632 F.3d 1127 (Ct. App. 9th Cir. 2011) ........................................................... 8
*Alpha Industries v. Alpha Steel, Inc.*,
  616 F.2d 440, 444 (9th Cir. 1980) ..................................................................... 12
*Am. Rena Int'l Corp. v. Sis-Joyce Int'l Co.*,
  534 F.App'x 633, 636 (9th Cir. 2013) ............................................................... 20
*American Int'l Group v. American International Bank*,
  926 F.2d 829, 832 (9th Cir. 1991) .................................................................... 11
*AMF, Inc. v. Sleekcraft Boats*,
  599 F.2d 341 (9th Cir. 1979) .......................................................................... 9, 10
*Arizona Dream Act. Coal. v. Brewer*,
  757 F.3d 1053, 1068 (9th Cir. 2014) ................................................................ 20
*AstraZeneca LP v. Apotex Corp.*,
  633 F.3d 1042, 1050 (Fed. Cir. 2010) ................................................................ 8
*Atari, Inc. v. North American Philips Consumer Electronics Corp.*,
  672 F.2d 607, 620 (7th Cir. 1982) .................................................................... 22
*BellSouth Telecommunications, Inc. v. MCIMetro Access Transmission Services*,
  425 F.3d 964,971 (11th Cir. 2005) .................................................................... 25
*Brookfield Communs., Inc. v. West Coast Entertainment Corp.*,
  174 F.3d 1036, 1058 n.19 (9th Cir. 1999) ........................................................ 10
*California Cooler v. Loretto Winery, Ltd.*
  774 F.2d 1451, 1455 (9th Cir. 1985) ................................................................ 12
*CI Games S.A. v. Destination Films*,
  No. 2:16-cv-05719-SVW-JC, 2016 U.S. Dist. LEXIS 189118, at *46 (C.D. Cal.
  Oct. 25, 2016) (Wilson, S) ................................................................................ 21
*Cohn v. Petsmart, Inc.*,
  281 F.3d 837, *42-43 (9th Cir. 2002) ................................................................ 14
*Conversive Inc. v. Conversagent, Inc.*,
  433 F.Supp.2d 1079, 1091 (C.D. Cal. 2006) .................................................... 12
*Credit One Corp. v. Credit One Financial, Inc.*,
  661 F. Supp. 2d 1134, 1137 (C.D. Cal. 2009) ................................................... 8
*CytoSport, Inc. v. Vital Pharm., Inc.*,
  617 F. Supp. 2d 1051, 1081 (E.D. Cal. 2009) ................................................... 23
*Daddy's Junky Music Stores, Inc. v. Big Daddy's Family Music Center*,
  109 F.3d 275, 287 (6th Cir. 1997) .................................................................... 15
*E. & J. Gallo Winery v. Gallo Cattle Co.*,
  967 F.2d 1280, 1291 (9th Cir. 1992) ................................................................ 10

**PLAINTIFF HOME COMFORT HEATING & AIR CONDITIONING, INC.'S
NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION**

*Earthquake Sound Corp. v. Bumper Indus.*,
  1999 U.S. App. LEXIS 19968 (9th Cir. 1999) .......................................... 12
*eBay Inc. v. MercExchange, L.L.C.*,
  547 U.S. 388 (2006) ........................................................................................ 7
*Ebay, Inc. v. Bidder's Edge, Inc.*,
  100 F. Supp. 2d 1058, 1066 (N.D. Cal. 2000) ...................................... 21
*Electropix v. Liberty Livewire Corp.*,
  178 F.Supp.2d 1125, 1134 (C.D. Cal. 2001) ......................................... 15
*Entrepreneur Media, Inc. v. Smith*,
  279 F.3d 1135, 1140 (9th Cir. 2002) ...................................................... 10
*Geoffrey, Inc. v. Stratton*,
  16 U.S.P.Q.2d (BNA) 1691, 1990 U.S. Dist. LEXIS 19504, *19 (C.D. Cal. 1990)
  .......................................................................................................................... 17
*Golden Door, Inc. v. Odisho*,
  646 F.2d 347, 351 (9th Cir. 1980) ........................................................... 12
*GoTo.com, Inc. v. Walt Disney Co.*,
  202 F.3d 1199, 1205 (9th Cir. 2000) ...................................................... 12
*Grooms v. Legge*,
  No. 09-cv-489-IEG-POR, 2009 WL 704644 (S.D. Cal. Mar. 17, 2009) ............. 20
*Grupo Gigante SA De CV v. Dallo & Co., Inc.*,
  391 F.3d 1088, 1100 (9th Cir. 2004) ...................................................... 16
*Herb Reed Enterprises, LLC v. Florida Entertainment Management, Inc.*,
  736 F.3d 1239, 1250 (9th Cir. 2013) ........................................................ 8
*Hybritech Inc. v. Abbott Labs.*,
  849 F.2d 1446, 1458 (Fed. Cir. 1988) ..................................................... 24
*In re Joint-Stock Co. "Baik"*,
  80 USPQ2d 1305, 1309 (TTAB 2006) ................................................... 13
*In re Societe Generale des Eaux Minerales de Vittel S.A.*,
  824 F.2d 957, 959, 3 USPQ2d 1450, 1451-52 (Fed. Cir. 1987) ....................... 13
*Jorgensen v. Cassiday*,
  320 F.3d 906, 919 (9th Cir. 2003) ........................................................... 25
*Kendall-Jackson Winery v. E. & J. Gallo Winery*,
  150 F.3d 1042, 1047 n.8 (9th Cir. 1998) ......................................... 10
*League of Wilderness Defenders/Blue Mountains Biodiversity Project v. Connaughton*,
  752 F.3d 755, 766 (9th Cir. 2014) ........................................................... 23
*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
  518 F.Supp. 2d 1197, 1218 (C.D. Cal. 2007) ...................................... 21
*Miss World (UK) Ltd. v. Mrs. America Pageants, Inc.*,
  856 F.2d 1445, 1448 (9th Cir. 1988) ...................................................... 10
*My-T Fine Corp. v. Samuels*,
  69 F.2d 76, 78 (2d Cir. 1934) .................................................................. 22

THE MYERS LAW GROUP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

**PLAINTIFF HOME COMFORT HEATING & AIR CONDITIONING, INC.'S
NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION**

*Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*,
   638 F.3d 1137, 1150 (9th Cir. 2011) .................................................................. 12

*Official Airline Guides v. Goss*,
   6 F.3d, 1385, 1392) (9th Cir. 1993) ................................................................... 11

Omega Importing Corp. v. Petri-Kine Camera Co.,
   451 F.2d 1190, 1195 (2d Cir. 1971) .................................................................. 15

*Opticians Association of America v. Independent Opticians of America*,
   920 F.2d 187, 197 (3rd Cir. 1990) ..................................................................... 23

*Piambino v. Bailey*,
   757 F.2d 1112, 1143 (11th Cir. 1985) ............................................................... 25

*Playboy Enterprises v. Netscape Communications Corp.*,
   354 F.3d 1020, 1029 (9th Cir. 2004) ................................................................. 16

*Pom Wonderful LLC v. Hubbard*,
   No. 14-55253, 2014 WL 7384391, at *8 (9th Cir. Dec. 30, 2014) ..................... 14

*Pom Wonderful LLC v. Purely Juice, Inc*.,
   No. CV-07-02633 CAS, 2008 U.S. Dist. LEXIS 55426, at *32 (C.D. Cal. 2008)
   .............................................................................................................................. 17

*Rearden LLC v. Rearden Commerce, Inc.*,
   683 F.3d 1190, 1202 (9th Cir. 2012) ................................................................... 8

*Rodeo Collection, Ltd. v. West Seventh*,
   812 F.2d 1215, 1218 (9th Cir. 1987) .................................................................. 11

*Safeway Stores v. Dunnell*,
   172 F.2d 649, 655-56 (9th Cir. 1949) ................................................................ 14

*San Miguel Pure Foods Co. v. Ramar Int'l Corp.*,
   625 F.App'x 322, 327 (9th Cir. 2015) ............................................................... 20

*Sengoku Works v. RMC Int'l*,
   96 F.3d 1217, 1219 (9th Cir. 1996) ..................................................................... 8

*Steinway & Sons v. Robert Demars & Friends*,
   1981 U.S. Dist. LEXIS 15169, 1981 WL 40530 at *14 (C.D. Cal. 1981) .......... 14

*Stix Products, Inc. v. United Merchants & Mfrs., Inc.*,
   295 F.Supp. 479, 486 (S.D.N.Y. 1968) ............................................................. 13

*Stuhlbarg Int. L Sales Co., Inc. v. John D. Brush and Company, Inc.*,
   240 Fed.3d 832 (9th Cir. 2002) ......................................................................... 22

*Tate Access Floors, Inc. v. Interface Architectural Res., Inc.*,
   279 F.3d 1357, 1365 (Fed. Cir. 2002) ................................................................. 8

*Thalheimer v. City of San Diego*,
   645 F.3d 1109, 1128 – 1129 (9th Cir. 2011) ..................................................... 23

*Tie Tech, Inc. v. Kinedyne Corp.*,
   296 F.3d 778, 783 (9th Cir. 2002) ....................................................................... 8

*Union Carbide Corp. v. Ever-Ready, Inc.*,
   531 F.2d 366, 382 (7th Cir. 1976) ..................................................................... 13

THE MYERS LAW GROUP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

iv

**PLAINTIFF HOME COMFORT HEATING & AIR CONDITIONING, INC.'S
NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION**

*Winter v. Natural Res. Def. Council, Inc.*,
  555 U.S. 7, 25 (2008)............................................................................... 8
*WPOW, Inc. v. MRLJ Enterprises*,
  584 F. Supp. 132, 135 (D.D.C. 1984)................................................... 24

## CALIFORNIA CASES

*American Philatelic Society v. Claibourne*,
  3 Cal. 2d 689, 46 P.2d 135, 139 (1935).............................................. 19
*Baldwin v. Marina City Props., Inc.*,
  79 Cal. App. 3d 393, 406, 145 Cal. Rptr. 406 (1978) ........................ 18
*Bank of the West v. Superior Court*,
  2 Cal. 4th 1254, 1264, 10 Cal. Rptr. 2d 538, 544 (1992) .................. 19
*Blank v. Kirwan*,
  39 Cal. 3d 311, 330, 216 Cal. Rptr. 718, 730 (1985) ........................ 17
*Colome v. State Athletic Comm'n*,
  47 Cal. App. 4th 1444. 1459, 55 Cal. Rptr. 2d 300 (1996) ............... 19
*Committee on Children's Television, Inc. v. General Foods Corp.*,
  35 Cal.3d 197, 210 (Cal. Rptr. 1983) ................................................. 17
*DVD Copy Control Assn., Inc. v. Bunner*,
  31 Cal. 4th 864 (2003).......................................................................... 7
*Korea Supply Co. v. Lockheed Martin Corp.*
  (2003) 29 Cal.4th 1134, 1164 131 Cal. Rptr. 2d 29, 63 P.3d 937...... 17
*Lutz v. De Laurentiis*,
  211 Cal. App. 3d 1317, 1323, 260 Cal. Rptr. 106, 109 1989 ............. 19
*Savage v. Pacific Gas & Elec. Co.*,
  21 Cal. App. 4th 434, 449, 26 Cal. Rptr. 2d 305 (1993) .................... 18
*Trovan, Ltd. v. Pfizer, Inc.*,
  2000 U.S. Dist. Lexis 7522, *18 (C.D. Cal. 2000)............................. 19
*Youst v. Longo*,
  43 Cal. 3d 64, 74-79, 233 Cal. Rptr. 294 (1987) ............................... 18

## STATUTES, RULES, ETC.

15 U.S.C. §1052(e)(2).............................................................................. 14
15 U.S.C. §1056(a) .................................................................................. 14
15 U.S.C. §1114(1) .................................................................................... 9
15 U.S.C. §1116......................................................................................... 7
15 U.S.C. §1118....................................................................................... 27
15 U.S.C. §1125(a) ............................................................................ 18, 27
17 U.S.C. §502........................................................................................... 7
35 U.S.C. §283........................................................................................... 7
Fed.R.Civ.P. 65(c)................................................................................... 25

THE MYERS LAW GROUP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

**PLAINTIFF HOME COMFORT HEATING & AIR CONDITIONING, INC.'S
NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION**

THE MYERS LAW GROUP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   STATEMENT OF FACTS

### A.   Plaintiff's Trademarks

Plaintiff has been providing heating, ventilation, and air conditioning (collectively referred to as "HVAC") services since 2003 and is well known in Los Angeles County and surrounding areas for its HVAC services for an assortment of cooling and heating systems.  (Declaration of John Farrugia at ¶2 ("Farrugia Decl.").

Plaintiff has over 2,500 clients, with over 3,000 views annually on its publicly accessible website, is three time winner of the Angie's List® Super Service Award, has maintained an A+ rating as a Better Business Bureau Top Rated Business for fifteen (15) years with zero (0) complaints, a Yelp 2017 Award recipient, a RUUD Top Contractor Award recipient, is a Home Adviser Approved Contractor, and Google Approved Guaranteed Service Contractor. Farrugia Decl., ¶3.

Plaintiff conducts business under and is the common law owner of various stylized and non-stylized trademarks wholly or partially comprised of the word elements "HOME COMFORT" as a result of its adoption and use of said marks commencing in 2003 and continuing through to present day. Farrugia Decl., ¶4. Additionally, Plaintiff is the record owner and owns all right, title, interest, and goodwill to the following marks:

| Mark | Jurisdiction | Ser. No | Reg. No. | First Use Date | Reg. Date | Class(es) |
|------|-------------|---------|----------|----------------|-----------|-----------|
| **"Plaintiff's '635 Mark"** | | | | | | |
| HOME COMFORT | State of California | N/A | 120635 | July 1, 2003 | December 10, 2015 | **037**: Installation and replacement service for heating, ventilating and air conditioning; Installation and repair heating, ventilating and air conditioning equipment. |
| **"Plaintiff's '694 Mark"** | | | | | | |
| HOME COMFORT | United States | 87177694 | *pending* | July 1, 2003 | *pending* | **037**: Air conditioning apparatus cleaning services; Air duct cleaning services; HVAC contractor services; Installation and repair of heating, ventilating and air conditioning equipment; Installation and replacement service for heating, ventilating and air conditioning systems; Maintenance of HVAC systems |

**PLAINTIFF HOME COMFORT HEATING & AIR CONDITIONING, INC.'S
NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION**

THE MYERS LAW GROUP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

Plaintiff's aforementioned services are hereinafter collectively referred to as "HOME COMFORT SERVICES." Plaintiff's aforementioned marks (including common law marks) are hereinafter collectively referred to as the "HOME COMFORT MARKS."

Plaintiff is in the business of providing high-quality HVAC services for to consumers through its internet webpage: *www.yourhomecomfort.com*; its FACEBOOK® account at *https://www.facebook.com/homecomfortheatingandair/*; its Twitter® account at *https://twitter.com/HomeComfortAir*; on YouTube® at *www.youtube.com*; its Google+® page at *www.plus.google.com*; and on various online review/rating websites such as YELP®, GOOGLE®, and ANGIES LIST® on or in connection with the HOME COMFORT TRADEMARKS. Farrugia Decl., ¶5.

Plaintiff has established glowing recognition and tremendous goodwill as a result of its extensive, exclusive, and continued use of the HOME COMFORT TRADEMARKS on or in connection with offering Plaintiff's HOME COMFORT SERVICES, and the public: (a) has come to recognize/identify services accompanying the HOME COMFORT TRADEMARKS as emanating from Plaintiff; and (b) recognizes that the HVAC services bearing the HOME COMFORT TRADEMARKS are of high-quality that conform to specifications developed by Plaintiff. Farrugia Decl., ¶6. Plaintiff has not licensed or otherwise authorized any third party to use or otherwise exploit the HOME COMFORT TRADEMARKS except for on or in connection with the promotion of Plaintiff's HOME COMFORT SERVICES. Farrugia Decl., ¶7. The HOME COMFORT TRADEMARKS are valuable assets of Plaintiff and are vital to Plaintiff's ongoing business and more specifically, Plaintiff's efforts to secure business from current and prospective consumers. Farrugia Decl., ¶8.

**B.    Defendants' Unlawful Conduct**

Upon information and belief, Defendants recently began to advertise, promote, market, and provide the same or substantially similar HVAC services under various marks including Plaintiff's HOME COMFORT TRADEMARKS, and more specifically

**PLAINTIFF HOME COMFORT HEATING & AIR CONDITIONING, INC.'S
NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION**

using various marks incorporating "HOME COMFORT" as the dominant element, Farrugia Decl., ¶9, including the following trademarks of which Plaintiff is aware of:

| Mark | Jurisdiction | Ser. No | Reg. No. | First Use Date | Reg. Date | Class(es) |
|---|---|---|---|---|---|---|
| **"Defendants' '370 Mark"** | | | | | | |
| HOME COMFORT USA "Call the Comfort Guys ● We're There!" | United States | 86689370 | ABANDONED | N/A | N/A | IC 037: HVAC Contractor Services |
| **"Defendants' '490 Mark"** | | | | | | |
| Home Comfort USA | United States | 86688490 | N/A | N/A | N/A | IC 037: HVAC Contractor Services |

Declaration of Nicholas D. Myers at ¶¶2,6. ("Myers Decl."). Defendants' marks which infringe upon Plaintiff's HOME COMFORT TRADEMARKS, including but not limited to, Defendants' '370 Mark and Defendants' '490 Mark shall collectively be referred to as "Defendants' Infringing Marks."

Plaintiff is informed and believes and thereon alleges that Defendants' website: *www.homecomfortusa.com* is publicly accessible and advertises, promotes, markets, and offers many of the same or substantially similar HVAC services  while using a mark substantially similar to the HOME COMFORT TRADEMARKS. Farrugia Decl., ¶¶10,12. Due to the similarity of the services offered and performed and similar marketing channels, Plaintiff and Defendants directly compete for the business of many of the same consumers. Farrugia Decl., ¶11-13.

C.    **Acts of Infringement**

On or about the summer of 2016, Plaintiff became aware of Defendants because Plaintiff began to receive telephone calls from consumers inquiring about discounts and/or special offers for Defendants' HVAC services as marketed through Defendants' radio advertising and online coupon offerings. Farrugia Decl., ¶14. Plaintiff believes that consumers were under the mistaken belief that Plaintiff was offering the HVAC services as marketed in Defendants' radio advertising and online coupon offerings. Farrugia Decl.,

**PLAINTIFF HOME COMFORT HEATING & AIR CONDITIONING, INC.'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION**

¶14. An exemplar of such offer which Plaintiff is aware of is attached to the Declaration of John Farrugia. Farrugia Decl., ¶15, Exhibit A.

Plaintiff, on their accounts, has also received and continues to receive negative online reviews/complaints from consumers complaining of defective products, faulty installations, repairs, and related services performed by Defendants, as consumers made such postings under the mistaken belief that the faulty services were performed by Plaintiff but were actually performed by Defendants. Farrugia Decl., ¶¶16,19, Exhibit B.



In addition, over the past 12-months, Plaintiff has received:

- Five (5) attempts by consumers seeking to return products purchased from Defendants. Farrugia Decl. ¶17;
- Two (2) refund requests from consumers seeking refunds for sub-standard services performed by Defendants. Farrugia Decl. ¶17;
- Over thirty (30) inquiries from consumers regarding discounted pricing, special offers, and/or coupons for goods and/or services advertised, promoted, and/or marketed by Defendants. Farrugia Decl. ¶17; and
- Over forty (40) inquiries from consumers regarding Defendants' services as heard and/or seen through radio and/or paper advertisements. Farrugia Decl. ¶17.

As a result of such inquiries and attempted returns, Plaintiff spends an average of 20-minutes per inquiry to explain to consumers that the products received, and/or the services performed were not from Plaintiff but were from Defendants who are completely disconnected and unassociated with Plaintiffs. Farrugia Decl. ¶18. Such confusion and especially misdirected negative reviews/complaints have damaged and will continue to

**PLAINTIFF HOME COMFORT HEATING & AIR CONDITIONING, INC.'S
NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION**

THE MYERS LAW GROUP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

damage Plaintiff's reputation and goodwill. See Farrugia Decl., ¶19, Exhibit B. Inserted exemplars of transcribed voicemails left with Plaintiff from consumers believing to be Defendants which Plaintiff is aware of are attached to the Declaration of John Farrugia. See Farrugia Decl., ¶20, Exhibit C.

### D.   Defendants' U.S. Trademark Applications

Upon information and belief on or about July 9, 2015 Defendants filed Defendants' '490 Mark for the standard character mark HOME COMFORT USA in International Class 037 for "HVAC contractor services." Myers Decl., ¶2.

Upon information and belief on or about May 24, 2016 Defendants' '490 Mark was published for opposition. Myers Decl., ¶3. On or about June 20, 2016 Plaintiff filed and was granted an Extension of Time to Oppose the registration of Defendants' '490 Mark. Myers Decl., ¶4. On or about September 21, 2016, Plaintiff filed a Notice of Opposition to oppose Defendants' '490 Mark, to prevent such mark from obtaining federal registration; Opposition Proceeding No. 91230217. Myers Decl., ¶5.

Upon information and belief Defendants' '370 Mark was filed on July 10, 2015 and abandoned on April 21, 2016.  However, Defendants continue to use the '370 Mark. Myers Decl., ¶6.

### E.   Plaintiff's U.S. Trademark Application

On or about September 20, 2016 Plaintiff filed U. S. Trademark Application for the '694 Mark for the stylized mark HOME COMFORT which is partially comprised of the word elements "HOME COMFORT." Myers Decl., ¶7.

On or about February 14, 2017 Plaintiff's '694 Mark was published for opposition. Myers Decl., ¶8. On or about March 13, 2017 Defendants filed and were granted an Extension of Time to Oppose Plaintiff's '694 Mark. Myers Decl., ¶9. On or about June 14, 2017 Defendants filed an Opposition to Plaintiff's U.S. Trademark Application, to prevent Plaintiff's '694 Mark from obtaining registration; Opposition Proceeding No. 91235088. Myers Decl., ¶10.

/ / /

**PLAINTIFF HOME COMFORT HEATING & AIR CONDITIONING, INC.'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION**

### F.     Procedural Posture of Opposition

On or about August 24, 2017 Plaintiff and Defendants filed a joint motion to consolidate Opposition Nos.  91230217 and 91235088, which was consolidated on August 28, 2017. Myers Decl., ¶11. The matters remain pending before the United States Patent and Trademark Office's Trademark Trial and Appeal Board. Myers Decl., ¶12. Plaintiff intends to request suspension of proceedings pending the disposition of this action. Myers Decl., ¶12.

### G.     Plaintiff's California Trademark Registration

On November 10, 2015 Plaintiff submitted its California Trademark Application for Plaintiff's '635 Mark for the stylized mark HOME COMFORT. Myers Decl., ¶13. On or about December 10, 2015 Plaintiff's '635 Mark was registered in the State of California. Myers Decl., ¶14.

### H.     Plaintiff's Efforts to Amicably Resolve the Matter

Since at least as early as December 20, 2016 Plaintiff and Defendants have engaged in settlement communications while also engaged in the foregoing Opposition proceedings. Myers Decl., ¶15. Upon discovering Defendants' infringing acts, Plaintiff has been taking escalating steps to prevent Defendant from encroaching upon the tremendous goodwill and reputation in and to the HOME COMFORT TRADEMARKS. Plaintiff had hoped that an amicable resolution including Defendants' cessation of infringement was possible however, rather than work toward resolution Defendants' expansion, encroachment, and infringement appear to be escalating as instances of mistake, consumer confusion, and damage to Plaintiff's goodwill and reputation, seem to be increasing both in quantity and magnitude. Myers Decl., ¶15.

## II.   BRIEF TIMELINE SUMMARY

The following is an abbreviated timeline of events as known to Plaintiff:

a)  In 2003 Plaintiff adopts Plaintiff's HOME COMFORT TRADEMARKS and uses the trademarks on or in connection with Plaintiff's HOME COMFORT SERVICES;

6

**PLAINTIFF HOME COMFORT HEATING & AIR CONDITIONING, INC.'S
NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION**

b) In or about January 2, 2007 Plaintiff incorporates with the California Secretary of State under the name Home Comfort Heating & Air Conditioning, Inc;

c) From 2007-2015 Plaintiff operates under Plaintiff's HOME COMFORT TRADEMARKS uninterrupted and with no known infringement by Defendants or others;

d) In or about July 9, 2015 Defendants' filed Trademark Application for Defendant's '490 Mark on a 1(b) intent-to-use basis;

e) In or about December 10, 2015 Plaintiff's California Trademark registers establishing priority and exclusive rights to the HOME COMFORT TRADEMARK throughout California;

f) In or about the summer of 2016 Plaintiff becomes aware of Defendants' infringing activities due to phone calls and/or complaints received from Defendant's consumers;

g) On September 20, 2016, Plaintiff files U.S. Trademark Application for Plaintiff's '694 Mark;

h) From summer 2016 to the present Opposition proceedings ensued with negotiations on both ends, nevertheless, Defendants continued and escalated their acts of infringement.

## III.  ARGUMENT

### A.  <u>Injunctive Relief is Appropriate for Trademark Infringement</u>

Congress has recognized that monetary damages are insufficient in cases dealing with infringement of intellectual property rights by expressly providing courts the power to grant injunctive relief in accordance with principles of equity  (*See* 15 U.S.C. §1116; 17 U.S.C. §502; and 35 U.S.C. §283) and Courts have consistently found injunctive relief appropriate in such cases.  See, *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006); *DVD Copy Control Assn., Inc. v. Bunner*, 31 Cal. 4th 864 (2003).

Here, Plaintiff has brought claims against Defendants for trademark infringement along with claims for unfair business practices. Specifically, Plaintiff alleges that Defendants' use the HOME COMFORT TRADEMARKS to unfairly compete in the marketplace by offering the same or substantially similar HVAC services, which Plaintiff and consumers believe to be substandard. (See Page 4).

**PLAINTIFF HOME COMFORT HEATING & AIR CONDITIONING, INC.'S
NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION**

THE MYERS LAW GROUP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

**B.**   <u>Preliminary Injunction Standard</u>

A plaintiff is entitled to a preliminary injunction upon a showing that: (1) [it] is likely to *succeed on the merits*; (2) that [it] is likely to *suffer irreparable harm* in the absence of preliminary relief; (3) that the *balance of equities* tips in [its] favor; and (4) that an injunction is in the *public interest*. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127 (Ct. App. 9th Cir. 2011); *AstraZeneca LP v. Apotex Corp.*, 633 F.3d 1042, 1050 (Fed. Cir. 2010) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 25 (2008).) (*italics added*.)  "Individually, no factor is dispositive; the district court must weigh the factors against each other and against the form and magnitude of requested relief." *Tate Access Floors, Inc. v. Interface Architectural Res., Inc.*, 279 F.3d 1357, 1365 (Fed. Cir. 2002). "Those seeking injunctive relief must proffer evidence sufficient to establish a likelihood of irreparable harm." *Herb Reed Enterprises, LLC v. Florida Entertainment Management, Inc.*, 736 F.3d 1239, 1251 (9th Cir. 2013).

**C.**   <u>Likelihood of Success on the Merits</u>

**1.**   **Plaintiff is Likely to Succeed on Trademark Infringement**

To prevail on a claim for trademark infringement under the Lanham Act, a plaintiff must prove: (i) ownership of a valid trademark; (ii) use of the mark [by defendant] without [plaintiff's] consent; and (iii) that such use is likely to cause confusion. *Credit One Corp. v. Credit One Financial, Inc.*, 661 F. Supp. 2d 1134, 1137 (C.D. Cal. 2009); see also *Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1202 (9th Cir. 2012) 15 U.S.C. §1114(1).

**i.**   **Ownership in the Trademark**

"Before infringement can be shown, the trademark holder must demonstrate that it owns a valid mark, and thus a protectable interest." *Tie Tech, Inc. v. Kinedyne Corp.*, 296 F.3d 778, 783 (9th Cir. 2002). Ownership is established through priority of use; it is accorded to the first "bona fide" user of a mark. *See, e.g., Sengoku Works v. RMC Int'l*, 96 F.3d 1217, 1219 (9th Cir. 1996) ("It is axiomatic in trademark law that the standard test of ownership is priority of use. To acquire ownership of a trademark it is not enough

THE MYERS LAW GROUP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

8

to have invented the mark first or even to have registered it first; the party claiming ownership must have been the first to actually use the mark in the sale of goods or services.").

Plaintiff has used the HOME COMFORT TRADEMARKS on or in connection with Plaintiff's HOME COMFORT SERVICES since at least as early as 2003 in Los Angeles County and surrounding areas (Farrugia Decl. ¶2), thereby establishing common law rights in and to the marks in the areas in which it was used and areas of natural expansion. Further, Plaintiff owns California Trademark Registration Reg. No. 120635 for its stylized mark partially comprised of the word elements "HOME COMFORT" which registered on December 10, 2015, thereby establishing Plaintiff's rights in and to Plaintiff's '635 Mark throughout the State of California. A trademark registration in the State of California puts the public on notice of the owner of the registered trademark, implying that the owner of such registered trademark claims the right to exclusively use the trademark, and further intends to dissuade others from attempting to use the same or a confusingly similar trademark. *See* California Business and Professions Code §14200 *et seq.* Plaintiff has filed a U.S. Trademark Application, for Plaintiff's '694 Mark, which further evidences Plaintiff's use of Plaintiff's HOME COMFORT TRADEMARKS.

### ii.    Defendants Use is Without Consent

As discussed above, Plaintiff has not licensed or otherwise authorized any third party to use or otherwise exploit the HOME COMFORT TRADEMARKS except for on or in connection with the promotion of Plaintiff's HOME COMFORT SERVICES.

### iii.    Likelihood of Confusion

"The 'likelihood of confusion' inquiry generally considers whether a reasonably prudent consumer in the marketplace is likely to be confused as to the origin or source of the goods or services bearing one of the marks or names at issue in the case." *Rearden*, 683 F.3d at 1209. The eight-factor *Sleekcraft* )test is used in the Ninth Circuit to analyze the likelihood of confusion question in all trademark infringement cases, both competitive and non-competitive. In determining whether confusion between related

The Myers Law Group
4 Executive Circle, Suite 100
Irvine, California 92614

**PLAINTIFF HOME COMFORT HEATING & AIR CONDITIONING, INC.'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION**

goods is likely, the following factors are relevant: (1) strength of the mark; (2) proximity of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines. *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979), Here, the *Sleekcraft* factors support a finding that there is likelihood of confusion.

### a. Strength of the Trademark

The scope of the trademark protection that we give marks depends upon the strength of the mark, with stronger marks receiving greater protection than weak ones. *See Miss World (UK) Ltd. v. Mrs. America Pageants, Inc.*, 856 F.2d 1445, 1448 (9th Cir. 1988). "The strength of a mark is determined by its placement on a continuum of marks." *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1291 (9th Cir. 1992). (citation and internal quotation marks omitted). The strongest marks --that is, those which receive the maximum trademark protection --are "arbitrary" or "fanciful." *Id.* The weakest marks, entitled to no trademark protection, are "generic." *Id.* In between lie "suggestive" and "descriptive" marks; suggestive marks have the greater strength of the two. *Id.*

"Descriptive marks define qualities or characteristics of a product in a straightforward way that requires no exercise of the imagination to be understood." *Kendall-Jackson Winery v. E. & J. Gallo Winery*, 150 F.3d 1042, 1047 n.8 (9th Cir. 1998). (emphasis omitted); *see also Brookfield Communs., Inc. v. West Coast Entertainment Corp.*, 174 F.3d 1036, 1058 n.19 (9th Cir. 1999). ("Descriptive terms directly describe the quality or features of the product."). A suggestive mark is one for which "a consumer must use imagination or any type of multistage reasoning to understand the mark's significance, … the mark does not *describe* the product's features, but *suggests* them." *Kendall-Jackson Winery*, 150 F.3d at 1047 n.8. Whether a mark suggests or describes the goods or services of the trademark holder depends, of course, upon what those goods or services are. We therefore adjudge a mark's strength "by

THE MYERS LAW GROUP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

10

**PLAINTIFF HOME COMFORT HEATING & AIR CONDITIONING, INC.'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION**

reference to the goods or services it identifies," *Rodeo Collection, Ltd. v. West Seventh*, 812 F.2d 1215, 1218 (9th Cir. 1987), and "as it appears in the marketplace." *Official Airline Guides v. Goss*, 6 F.3d, 1385, 1392) (9th Cir. 1993).

The term "HOME COMFORT" arguably falls within the suggestive category, as such may suggest that the offeror provides services which will allow consumers to be within the comfort of their own home. We recognize, however, that "although a suggestive or descriptive mark … is inherently weak, it 'may be strengthened by … extensive advertising, length of exclusive use, public recognition ….'" *American Int'l Group v. American International Bank*, 926 F.2d 829, 832 (9th Cir. 1991) (quoting *Accuride Int'l, Inc. v. Accuride Corp.*, 871 F.2d 1531, 1536 (9th Cir. 1989)).

Plaintiff has advertised, promoted, marketed, offered for sale and/or sold HVAC services bearing the HOME COMFORT TRADEMARKS since at least as early as 2003, has over 2,500 clients, with over 3,000 views annually on its publicly accessible website: *www.yourhomecomfort.com*, has maintained exclusive and continued use of the HOME COMFORT TRADEMARKS in Southern California and beyond since at least as early as 2003, and is recognized throughout Southern California as offering high-quality HVAC related services. Plaintiff bodes glowing reviews from its consumers, is three time winner of the Angie's List® Super Service Award, has maintained an A+ rating as a Better Business Bureau Top Rated Business for fifteen (15) years with zero (0) complaints, a Yelp 2017 Award recipient, a RUUD Top Contractor Award recipient, is a Home Adviser Approved Contractor, and is a Google Approved Guaranteed Service Contractor. Farrugia Decl. ¶3. As such, Plaintiff has so strengthened its marks through its use and continued use of as to weigh this factor in its favor.

### b.  Proximity of Plaintiff's and Defendants' Services

"Related goods are generally more likely than unrelated goods to confuse the public as to the producers of the goods. [T]he danger presented is that the public will mistakenly assume there is an association between the producers of the related goods,

The Myers Law Group
4 Executive Circle, Suite 100
Irvine, California 92614

**PLAINTIFF HOME COMFORT HEATING & AIR CONDITIONING, INC.'S
NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION**

though no such association exists. The proximity of goods is measured by whether the products are: (1) complementary; (2) sold to the same class of purchasers; and (3) similar in use and function." *Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1150 (9th Cir. 2011). With respect to the relatedness of products and services offered, the Ninth Circuit has stated that, "[i]n light of the virtual identity of marks, if they were used with identical products or services likelihood of confusion would follow as a matter of course." *Brookfield*, 174 F.3d at 1056. "Directly competing goods are in the closest proximity under the likelihood of confusion analysis." *Conversive Inc. v. Conversagent, Inc.*, 433 F.Supp.2d 1079, 1091 (C.D. Cal. 2006).

Plaintiff's services and Defendants' infringing services directly compete with one another as they both advertise, promote, market, offer for sale and/or sell HVAC services. Farrugia Decl. ¶9. Further, Plaintiff's services and Defendants' services are advertised, promoted, marketed, and offered through the same marketing channels and reach the same consumers. Farrugia Decl. ¶10. These directly competing services are in the closest proximity under the likelihood of confusion analysis and, thus, this factor weighs heavily in Plaintiff's favor.

### c.  The Trademark is Substantially Similar

The similarity of the marks is a critical question in this analysis. *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1205 (9th Cir. 2000). "[T]he greater the similarity between the two marks at issue, the greater the likelihood of confusion." Id. at 1206. Similarity of the marks is of importance in a likelihood of confusion analysis. *Golden Door, Inc. v. Odisho*, 646 F.2d 347, 351 (9th Cir. 1980); *Earthquake Sound Corp. v. Bumper Indus.*, 1999 U.S. App. LEXIS 19968 (9th Cir. 1999); *California Cooler v. Loretto Winery, Ltd.* 774 F.2d 1451, 1455 (9th Cir. 1985); *Alpha Industries v. Alpha Steel, Inc.*, 616 F.2d 440, 444 (9th Cir. 1980). "Obviously, the greater the similarity between the two marks at issue, the greater the likelihood of confusion . . . the marks must be compared in their entirety and as they appear in the marketplace . . ." *GoTo.Com*, 202 F.3d at 1206. Marks are typically compared as to sight, sound, and meaning.

THE MYERS LAW GROUP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

12

**PLAINTIFF HOME COMFORT HEATING & AIR CONDITIONING, INC.'S
NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION**

**i.)**    <u>**Sight:**</u> The word versions of Plaintiff and Defendants' marks are almost identical with the only variance being that Defendants' have added "USA" to Plaintiff's "HOME COMFORT" mark. Defendants' stylized marks contain the same exact word elements "HOME" and "COMFORT" and incorporate stylized elements depicting a house in conjunction with the word elements, just like Plaintiff's "HOME COMFORT" mark. Defendants' additional element "USA" used in conjunction with their marks, should be given no weight, as an unregistrable component of the mark. *See* 15 U.S.C. §§1052(e)(2), 1056(a) ,; *In re Sociente Generale des Eaux Minerales de Vittel S.A., 824* F.2d 957, 959, 3 USPQ2d 1450, 1451-52 (Fed. Cir. 1987); *In re Joint-Stock Co. "Baik"*, 80 USPQ2d 1305, 1309 (TTAB 2006); TMEP §§1210.01(a), 1210.06(a), 1213.03(a). A side-by-side view of Plaintiff's stylized HOME COMFORT mark next to Defendants' infringing stylized HOME COMFORT mark is attached herein:

| Plaintiff's Common Law Mark | Defendants' '490 Mark |
|---|---|
| Home Comfort | Home Comfort USA |
| **Plaintiff's '694 Mark** | **Defendants' '370 Mark (ABANDONED)** |
| HOME COMFORT | HOME COMFORT USA.com "Call the Comfort Guys We're There!" |

**ii.)**    <u>**Sound:**</u> When the parties' marks are spoken or said out loud it is clear that they sound identical. The addition of "USA" is entitle to no weight (as discussed above), but even considering that addition, the Court should still find that Defendants' infringing mark is substantially similar to Plaintiff's mark as such minor. *See Union Carbide Corp. v. Ever-Ready, Inc.*, 531 F.2d 366, 382 (7th Cir. 1976) ("[S]mall changes in words, such as adding or deleting a hyphen, are insufficient to distinguish marks."); *Stix Products, Inc. v. United Merchants & Mfrs., Inc.,*295 F.Supp. 479, 486 (S.D.N.Y. 1968) ("The absence of a hyphen . . . is of no significance, it is 'a distinction without a difference.'"); *Safeway Stores v. Dunnell*, 172 F.2d 649, 655-56 (9th Cir.

**PLAINTIFF HOME COMFORT HEATING & AIR CONDITIONING, INC.'S
NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION**

THE MYERS LAW GROUP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

1949) (finding "Safe-Way" on toilet seat covers was an imitation of "Safeway" for supermarket stores).

### d.  Evidence of Actual Confusion

Actual confusion evidence is often difficult, and its absence is often given little weight.  *Cohn v. Petsmart, Inc.*, 281 F.3d 837, *42-43 (9th Cir. 2002). Nonetheless, "[w]here there is evidence of actual confusion, it is regarded as extremely significant to the issue of likelihood of confusion." *Steinway & Sons v. Robert Demars & Friends*, 1981 U.S. Dist. LEXIS 15169, 1981 WL 40530 at *14 (C.D. Cal. 1981).

Plaintiff has provided evidence of actual consumer confusion. See Section I(C) above. Plaintiff has received no less than thirty (30) inquiries from third parties inquiring about promotions, special offers, coupons, and any other promotional offers common in the industry offered by Defendants who mistakenly believed they were offered by Plaintiff. Further, Plaintiff has received and continues to receive negative online reviews/complaints which are capable of being seen by the public as well as calls complaining about services provided by Defendants. Those consumers, were still confused as to the source of the services even after having been provided services by Defendants.

### e.  The Parties Utilize the Same Marketing Channels

"Convergent marketing channels increase the likelihood of confusion." *Sleekcraft*, 599 F.2d at 353. Similarity of marketing channels can increase the likelihood that consumers will be confused.  *Sleekcraft*, 599 F.2d at 353.  "In assessing marketing channel convergence, courts consider whether parties' customer bases overlap and how the parties advertise their products . . ." *Pom Wonderful LLC v. Hubbard*, No. 14-55253, 2014 WL 7384391, at 8 (9th Cir. Dec. 30, 2014).

Here, Plaintiff and Defendants' utilize the same marketing channels, i.e., both promote and offer their products via online advertising through websites, search platforms, review sites, etc. reaching consumers statewide, nationwide, and worldwide, as well as all other traditional channels within the industry. Thus, the consumer bases of

THE MYERS LAW GROUP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

14

**PLAINTIFF HOME COMFORT HEATING & AIR CONDITIONING, INC.'S
NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff and Defendants are overlapping, and the means of advertising are the exact same. Thus, this factor weighs heavily in Plaintiff's favor.

### f.  Consumers are Unlikely to Exercise a High Degree of Care

As alluded to above, "[l]ikelihood of confusion is determined on the basis of a 'reasonably prudent consumer.'" *Brookfield*, 174 F.3d at 1060. Virtually no amount of consumer care can prevent confusion where two entities have the same name. It is irrational to expect that even the most sophisticated consumer will exercise the kind of scrupulous examination that would enable him or her to discern the difference between "Livewire" and "Live Wire." *Electropix v. Liberty Livewire Corp.,* 178 F.Supp.2d 1125, 1134 (C.D. Cal. 2001). In some cases, of course, as where the products are identical, and the marks are identical, the sophistication of buyers cannot be relied on to prevent confusion. *See Omega Importing Corp. v. Petri-Kine Camera Co.,* 451 F.2d 1190, 1195 (2d Cir. 1971). Here, consumers may arguably exercise some degree of care, but the degree of care will not offset any likelihood of confusion, even to cautious consumers as the services provided by both Plaintiff and Defendants are identical and the marks incorporate the same exact word elements, thus identical. Even then, and as indicated above, there has been actual consumer confusion.

### g.  Defendants' Intent in Selecting the Mark

When an alleged infringer knowingly adopts a mark similar to another's, courts will presume an intent to deceive the public. *See Official Airlines Guide*, 6 F.3d at 1394; *see also Sleekcraft*, 599 F.2d at 354. Although intent to confuse consumers can constitute strong evidence of confusion, "the converse ... is not true: the lack of intent by a defendant is largely irrelevant in determining if consumers likely will be confused as to source." *Brookfield*, 174 F.3d at 1059 (quoting *Daddy's Junky Music Stores, Inc. v. Big Daddy's Family Music Center*, 109 F.3d 275, 287 (6th Cir. 1997)); *GoTo.Com*, 202 F.3d at 1208 (concluding that even upon a finding of innocent intent, "it would prove nothing since no such intent is necessary to demonstrate a likelihood of confusion").

/ / /

**PLAINTIFF HOME COMFORT HEATING & AIR CONDITIONING, INC.'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION**

THE MYERS LAW GROUP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

Defendants advertise, promote, market, offer for sale and/or sell their HVAC services utilizing a mark comprised of the word element "HOME COMFORT" alone and in conjunction with an image of a house. Plaintiff has used its HOME COMFORT TRADEMARKS on or in connection with its HOME COMFORT SERVICES widely within Southern California since at least as early as 2003. Defendants, who have just recently begun using their own rendition of Plaintiff's marks, are also based in and service the Southern California area and offer substantially similar if not identical services. Moreover, Plaintiff's California Trademark Registration for Plaintiff's '635 Mark provides constructive notice thus making it illogical to assume Defendants' did not conduct common law and statutory rights searches prior to adoption.

Thus, it is more likely than not that Defendants acted with the intent to incorporate significant and dominant elements of Plaintiff's HOME COMFORT TRADEMARKS to steal consumers from Plaintiff and/or cause consumer confusion and further mislead them into engaging Defendants' services mistakenly believing that they are Plaintiff's HOME COMFORT SERVICES or at the very least associated or endorsed by Plaintiff.

### h.  Plaintiff and Defendants Offer the Same Services

Where goods and/or services are identical or nearly identical, no expansion is necessary for them to overlap. *See Playboy Enterprises v. Netscape Communications Corp.*, 354 F.3d 1020, 1029 (9th Cir. 2004). Therefore, this factor also favors Plaintiff.

### 2.    Plaintiff's California Trademark Registration

Claims for infringement under California law are "substantially congruent with federal claims and thus lend themselves to the same analysis." *Grupo Gigante SA De CV v. Dallo & Co., Inc.,* 391 F.3d 1088, 1100 (9th Cir. 2004). As indicated above, Plaintiff has sufficiently alleged a viable claim for trademark infringement pursuant to 15 U.S.C. § 1125(a) for its HOME COMFORT TRADEMARKS, namely its '635 Mark and its '694 Mark. Thus, Plaintiff has sufficiently alleged infringement under California law.

### 3.    Violation of Business and Professions Code § 17500 et seq.

**PLAINTIFF HOME COMFORT HEATING & AIR CONDITIONING, INC.'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION**

THE MYERS LAW GROUP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

California Business and Professions Code §17500 prohibits untrue or misleading advertising that is known, or which reasonably should be known, to be untrue or misleading. "Where, as in this case, a plaintiff establishes a claim [for false advertising] under the Lanham Act, the plaintiff is entitled to the same relief under Section 17500." *See Pom Wonderful LLC v. Purely Juice, Inc*., No. CV-07-02633 CAS, 2008 U.S. Dist. LEXIS 55426, at *32 (C.D. Cal. 2008). Defendants' conduct and increasing unlawful acts undoubtedly has the capacity, likelihood, and tendency to deceive Plaintiff's current and future consumers and, therefore, Plaintiff has satisfied its burden on this cause of action. Accordingly, Plaintiff is entitled to injunctive relief under §17500.

### 4. Violation of Business and Professions Code § 17200 et seq.

A violation of Business & Professions Code §17500 is also a violation of §17200 *et seq*., which prohibits "any unfair, deceptive, untrue or misleading advertising." *Committee on Children's Television, Inc. v. General Foods Corp.*, 35 Cal.3d 197, 210 (Cal. Rptr. 1983).  Accordingly, Plaintiff is entitled to injunctive relief under §17200.

### 5. Intentional Interference with Prospective Economic Advantage

Intentional interference with prospective economic advantage has five elements: (1) the existence, between the plaintiff and some third party, of an economic relationship that contains the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentionally wrongful acts designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm proximately caused by the defendant's action. *Korea Supply Co. v. Lockheed Martin Corp.* (2003) 29 Cal.4th 1134, 1164 131 Cal. Rptr. 2d 29, 63 P.3d 937.

> i. Existing Prospective Business Relationship and Prospective Business Advantage

Plaintiff must show a "reasonable expectation of economic advantage which would otherwise have accrued to him." *Blank v. Kirwan*, 39 Cal. 3d 311, 330, 216 Cal. Rptr. 718, 730 (1985). It must have been "reasonably probable" that the economic advantage would have been realized but for the interference. *Youst v. Longo,* 43 Cal. 3d 64, 74-79,

THE MYERS LAW GROUP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

17

**PLAINTIFF HOME COMFORT HEATING & AIR CONDITIONING, INC.'S
NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION**

233 Cal. Rptr. 294 (1987). Here, Plaintiff has spent fifteen (15) years establishing trademark rights and general recognition under the HOME COMFORT TRADEMARKS, leading to a client base of more than 2,500. The nature of the HVAC industry is also heavily reliant on referrals, thus Plaintiff had a reasonable expectation in light of its reputation that its client base will engage it for further business as well as refer Plaintiff to others.

ii.   Defendants Have Knowledge of and Intent to Disrupt the Relationship

The court may infer the intent to interfere from a defendant's intentional performance of an act substantially certain to result in interference. *Savage v. Pacific Gas & Elec. Co.*, 21 Cal. App. 4th 434, 449, 26 Cal. Rptr. 2d 305 (1993).

As indicated above, since at least as early as 2003 Plaintiff has exclusively and continuously been using the HOME COMFORT TRADEMARKS on or in connection with offering Plaintiff's HOME COMFORT SERVICES; overtime Plaintiff gained wide and positive recognition throughout Los Angeles County and surrounding areas for providing high-quality HVAC services, and has gained substantial profits resulting therefrom. Plaintiff's '635 Mark was constructive notice to Defendants and it is also unlikely that they did not conduct a proper search and were unaware. By developing a business with a trademark that is the same or substantially similar to Plaintiff it is obvious that Defendants intended to disrupt Plaintiff's business and to steal consumers from Plaintiff for their own economic advantage.

iii.   Defendant Caused Actual Disruption of the Relationship

Injurious interference occurs through an intentional disruption or diversion of the business relationship of another. *Baldwin v. Marina City Props., Inc.,* 79 Cal. App. 3d 393, 406, 145 Cal. Rptr. 406 (1978).

As a result of Defendants' acts of infringement consumers were misled into believing that Defendants' HVAC services emanate from Plaintiff or were associated with Plaintiff, thus consumers inadvertently engaged Defendants' services thinking they

18

**PLAINTIFF HOME COMFORT HEATING & AIR CONDITIONING, INC.'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION**

THE MYERS LAW GROUP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

were receiving Plaintiff's services. Thus, but for Defendants' infringing acts and diverting consumers from Plaintiff to Defendants, Plaintiff would have received such consumers.

> iv. Defendant's Acts of Infringement Caused Economic Harm to Plaintiff

Damages must not be speculative; there must be a foreseeable harm to the plaintiff caused or to be caused by the interference. *Colome v. State Athletic Comm'n,* 47 Cal. App. 4th 1444. 1459, 55 Cal. Rptr. 2d 300 (1996). Plaintiff has suffered harm and will continue to suffer harm as a result of Defendants' infringing acts because the expansive actual confusion and harm to goodwill detailed above will continue and increase.

### 6.  Negligent Interference with Prospective Economic Advantage

Plaintiff has satisfied all elements for a claim of intentional interference with prospective economic advantage and thus has also satisfied the requirements of negligent interference with prospective economic advantage.

### 7.  Palming Off

"Palming off" is a form of unfair competition; specifically, it is the simulation and imitation of the goods of a rival or competitor with the purpose of deceiving the unwary public into buying the imitation under the impression that it is purchasing goods of such competitor. *American Philatelic Society v. Claibourne*, 3 Cal. 2d 689, 46 P.2d 135, 139 (1935); *Lutz v. De Laurentiis*, 211 Cal. App. 3d 1317, 1323, 260 Cal. Rptr. 106, 109 1989. To maintain a claim for common law unfair competition, plaintiff need not show palming off, but plaintiff must show competition between the parties. *Trovan, Ltd. v. Pfizer, Inc.,* 2000 U.S. Dist. Lexis 7522, *18 (C.D. Cal. 2000). *See also Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1264, 10 Cal. Rptr. 2d 538, 544 (1992).

As indicated above, it is inconceivable that Defendants were unaware of Plaintiff due to the constructive notice provided by Plaintiff's '635 Mark and since both service Los Angeles County and the surrounding areas. Further, Plaintiff has established tremendous goodwill and reputation by its exclusive and continued use in and of its

THE MYERS LAW GROUP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

**PLAINTIFF HOME COMFORT HEATING & AIR CONDITIONING, INC.'S
NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION**

marks. Moreover, as discussed in Section C(1)(iii) above Defendants offer the same or substantially similar services as that of Plaintiff and further provide such services under the same or substantially similar trademark.

### D.    Likelihood of Irreparable Harm Absent Relief.

In its broadest sense, irreparable harm is "harm for which there is no adequate legal remedy." *Arizona Dream Act. Coal. v. Brewer*, 757 F.3d 1053, 1068 (9th Cir. 2014). Further, "irreparable injury has been equated with circumstances where compensatory damages are unsuitable." *Grooms v. Legge*, No. 09-cv-489-IEG-POR, 2009 WL 704644 (S.D. Cal. Mar. 17, 2009). "Evidence of loss of control over business reputation and damage to goodwill could constitute irreparable harm." *Herb Reed Enters*, 736 F.3d at 1250. Also, loss of prospective customers and damage to ongoing recruitment efforts may qualify as irreparable harm. *See, e.g., San Miguel Pure Foods Co. v. Ramar Int'l Corp.*, 625 F.App'x 322, 327 (9th Cir. 2015) (explaining that "loss of prospective customers [is] sufficient evidence of irreparable injury"); *Am. Rena Int'l Corp. v. Sis-Joyce Int'l Co.*, 534 F.App'x 633, 636 (9th Cir. 2013) (affirming district court's finding of irreparable harm in light of "evidence of threatened loss of customers") (internal alteration and quotation marks omitted).

> ### a.    Plaintiff has Suffered and will Continue to Suffer Irreparable Injury if Defendants are not Enjoined

Money damages cannot make Plaintiff whole as Plaintiff has suffered and will continue to suffer immediate and irreparable harm if Defendants are not enjoined from interfering with Plaintiff's ownership interest in and to the HOME COMFORT TRADEMARKS. The harm to Plaintiff is imminent as Defendants continue to exploit the HOME COMFORT TRADEMARKS for their financial ill-gotten gain and to steal its current and prospective consumers.

As the sole owner of the HOME COMFORT TRADEMARKS, Plaintiff possesses the exclusive right to decide when, where, to whom, and how the HOME COMFORT TRADEMARKS is to be disseminated. *Metro-Goldwyn-Mayer Studios Inc. v. Grokster,*

THE MYERS LAW GROUP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

20

*Ltd.*, 518 F.Supp. 2d 1197, 1218 (C.D. Cal. 2007). Defendants' infringing activities, including Defendants' exploitation of the HOME COMFORT TRADEMARKS to solicit Plaintiff's current and prospective consumers have, and unless enjoined will, detrimentally affect Plaintiff's overall ability to control the use of the HOME COMFORT TRADEMARKS causing irreparable injury to Plaintiff. As a result of Defendants' infringing acts of using the HOME COMFORT TRADEMARKS to unfairly compete with Plaintiff and steal current and prospective customers, Plaintiff has suffered lost profits and lost customer goodwill which is irreparable. *See Ebay, Inc. v. Bidder's Edge, Inc.*, 100 F. Supp. 2d 1058, 1066 (N.D. Cal. 2000).

Defendants have gone to great lengths to make it appear that their infringing acts are sanctioned by Plaintiff, creating an environment inviting consumer confusion between Defendants' subpar services and Plaintiff's high-quality services. As detailed above in Section I(C) Defendants' unlawful copying of Plaintiff's HOME COMFORT TRADEMARKS creates confusion in the marketplace attracting consumers thinking they were receiving Plaintiff's services, damaging Plaintiff in incalculable and incurable ways. Plaintiff's ability to control its unique property rights in the HOME COMFORT TRADEMARKS and secure its current and prospective consumers would be destroyed absent injunctive relief.

### b.    *Plaintiff's Loss of Consumer Goodwill and Reputation*

Certain types of injuries are presumed to be irreparable. These cases include trademark/trade dress infringement and unfair competition cases. *See Vision Sports, Inc. v. Melville Corp.*, 888 Fed.2d 609, 612, fn. 3 (9th Cir. 1989). Injury to reputation and goodwill may constitute irreparable harm, where there is a showing of actual consumer confusion. *See CI Games S.A. v. Destination Films,* No. 2:16-cv-05719-SVW-JC, 2016 U.S. Dist. LEXIS 189118, at *46 (C.D. Cal. Oct. 25, 2016) (Wilson, S). A threatened loss of prospective customers or goodwill constitutes irreparable harm supporting a preliminary injunction in a trademark suit. *Stuhlbarg Int. L Sales Co., Inc. v. John D. Brush and Company, Inc.*, 240 Fed.3d 832 (9th Cir. 2002). Plaintiff has proffered

THE MYERS LAW GROUP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

21

**PLAINTIFF HOME COMFORT HEATING & AIR CONDITIONING, INC.'S
NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION**

sufficient evidence of actual consumer confusion establishing that Defendants' unauthorized use of the HOME COMFORT TRADEMARKS have harmed and will continue to harm and cause injury to Plaintiff's reputation and goodwill, where such harm is deemed irreparable. Further, Defendants' acts constitute infringement and unfair competition and, therefore, has and will continue to cause irreparable harm to Plaintiff and the public.

### E.   Balance of Equities Tips in Plaintiff's Favor

Plaintiff presents compelling evidence going to the merits of this case which tips the balance of equities in favor of preventing further tarnishing of its reputation.  Courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.  *Winter*, 555 U.S. at 24.  Enough hardship to prevent a court's issuing a preliminary injunction cannot be found where a Defendant can only show they will lose profits. *Atari, Inc. v. North American Philips Consumer Electronics Corp.*, 672 F.2d 607, 620 (7th Cir. 1982). Further, advantages built upon a deliberately plagiarized product do not give the Defendant any standing to complain that this infringing vested interest will be disturbed.  *My-T Fine Corp. v. Samuels*, 69 F.2d 76, 78 (2d Cir. 1934).  This Court must balance Plaintiff's harm from the wrongful denial of the injunction against any harm Defendants may suffer from granting an injunction that would not be cured by prevailing on the merits.

Defendants' continued and unauthorized use of Plaintiff's HOME COMFORT TRADEMARKS opens a gateway for Defendants to monopolize on the goodwill and reputation Plaintiff's marks has achieved and has further interfered with Plaintiff's prospective economic advantage. Defendants unlawful acts have deceived consumers, leading them to engage Defendants' substandard services thinking they were receiving Plaintiff's high-quality HVAC services.

On the other side of the scale, Defendants' harm is purely monetary. Any damage Defendants may suffer is quantifiable in dollars. Of poignant importance, Defendants will simply be prevented from realizing profits derived from HVAC services performed

22

**PLAINTIFF HOME COMFORT HEATING & AIR CONDITIONING, INC.'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION**

bearing marks that infringe on Plaintiff's intellectual property rights. Moreover, given the likely outcome of this action, calling on Defendants to bear this loss is appropriate. Balancing Defendants' potential monetary harm against the irreparable harm to Plaintiff's trademarks, goodwill, and reputation, along with the destructive long-term effects the unfettered sale of substandard infringing services offered by Defendants, established that the harm to Plaintiff outweighs the harm to Defendants. Therefore, the balance of the equities tips sharply in favor of Plaintiff.

### F.    Injunction is in the Public Interest

The "public interest" inquiry addresses the impact upon nonparties of granting or withholding injunctive relief. *League of Wilderness Defenders/Blue Mountains Biodiversity Project v. Connaughton*, 752 F.3d 755, 766 (9th Cir. 2014). There exists a public interest in upholding the law and having parties abide by their legal duties. *Thalheimer v. City of San Diego*, 645 F.3d 1109, 1128 – 1129 (9th Cir. 2011). In the trademark context, the public interest in the injunction has been defined as "the right of the public not to be deceived or confused." *CytoSport, Inc. v. Vital Pharm., Inc.,* 617 F. Supp. 2d 1051, 1081 (E.D. Cal. 2009). Often "public interest" becomes synonymous with the right of the public not to be deceived or confused. *Opticians Association of America v. Independent Opticians of America*, 920 F.2d 187, 197 (3rd Cir. 1990).

Defendants have marketed, offered, promoted, offered for sale and/or sold a variety of HVAC services, under a mark which incorporates dominant components of Plaintiff's HOME COMFORT TRADEMARKS. As a result, the Constitutional aims of trademarks laws are no longer served by such actions. The reach of the proposed injunction would be wide—affecting an entire class of consumers no longer subject to confusion. The public, in this instance, holds a profound and long-term interest in upholding intellectual property rights, namely trademark rights and preventing confusion. Such interests outweigh any harm Defendants could possible claim. Granting Plaintiff's motion for a preliminary injunction is consistent with the public interest in enforcing valid intellectual property rights. *Hybritech Inc. v. Abbott Labs.*, 849 F.2d 1446, 1458 (Fed. Cir. 1988).

THE MYERS LAW GROUP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

**PLAINTIFF HOME COMFORT HEATING & AIR CONDITIONING, INC.'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION**

There is no critical public interest that would be injured by the granting of preliminary relief. *Hybritech*, 849 F.2d at 1458. To the contrary, protecting Plaintiff's intellectual property rights through a preliminary injunction will encourage others to engage in innovation and creation, which is a core principal for which intellectual property was established in the United States. Further, to protect intellectual property rights, will safeguard the public from deception and confusion by the unlawful acts of Defendants' and others. Thus, this factor weighs heavily in Plaintiff's favor as Defendants infringing use of the HOME COMFORT TRADEMARKS to unfairly compete against Plaintiff is unequivocally in direct contravention of the public interest.

## III.   DEFENDANTS' INFRINGING MATERIALS SHOULD BE IMPOUNDED

In addition, Plaintiff seeks to impound the infringing products and materials of Defendants to ensure their unlawful exploitation of the HOME COMFORT TRADEMARKS will cease. Section 36 of the Lanham Act provides for the delivery and destruction of infringing materials. The pertinent section states: "In any action arising under this chapter, in which a violation of any right of the registrant of a mark registered in the Patent and Trademark Office, a violation under 15 U.S.C. §1125(a) of this title . . . shall have been established, the court may order that any labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of defendant, . . . [in] violation of 15 U.S.C. §1125(a) of this title . . . the word, terms, name, symbol, device, combination thereof, designation, description, or representation that is the subject of the violation, or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same, shall be delivered up and destroyed." 15 U.S.C. §1118.

As a general rule, a plaintiff seeking an impoundment must meet the requirements for a permanent or preliminary injunction. *WPOW, Inc. v. MRLJ Enterprises*, 584 F. Supp. 132, 135 (D.D.C. 1984). Plaintiff has met the requirements for supporting a grant of an injunction in their favor thus also meeting the requirements to support granting an order for impoundment.

**PLAINTIFF HOME COMFORT HEATING & AIR CONDITIONING, INC.'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION**

THE MYERS LAW GROUP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

## IV.   A BOND SHOULD NOT BE REQUIRED

Plaintiff acknowledges the mandatory language of Fed.R.Civ.P. 65(c) with respect to security.   However, in *Bell South Telecommunications, Inc. v. MCIMetro Access Transmission Services*, 425 F.3d 964, 971 (11th Cir. 2005), the court tempered the requirement by noting that, "[t]his court has stated previously . . . that 'before a court may issue a preliminary injunction, a bond must be posted,' ..., but it is well-established that 'the amount of security required by the rule is a matter within the discretion of the trial court... , and the court may elect to require no security at all, citing *Piambino v. Bailey*, 757 F.2d 1112, 1143 (11th Cir. 1985).  "[T]he district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the Defendant from enjoining his or her conduct." *Jorgensen v. Cassiday,* 320 F.3d 906, 919 (9th Cir. 2003).

Defendants' will suffer no actual harm as their financial gain arises from their unlawful exploitation of Plaintiff's HOME COMFORT TRADEMARKS, and other unlawful acts. Defendants only harm, if any will be their inability to continue engaging in illegal and infringing activities. Plaintiff's likelihood of success here is overwhelming, and any argument that Defendants might make concerning financial if enjoined from continuing their illegal conduct should not garner even a modicum of sympathy.

## V.   CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests this Court to grant its Motion for Preliminary Injunction against Defendants in its entirety.

Date: March 28, 2018

**THE MYERS LAW GROUP**

*/s/ Nicholas D. Myers*
Nicholas D. Myers
Ivan U. Cisneros
Attorneys for Plaintiff
HOME COMFORT HEATING & AIR CONDITIONING, INC.

The Myers Law Group
4 Executive Circle, Suite 100
Irvine, California 92614

**PLAINTIFF HOME COMFORT HEATING & AIR CONDITIONING, INC.'S
NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION**

**Central District of California Case No. 2:18-cv-02194**

Service of the attached document was accomplished pursuant to Central District of California, Order Authorizing Electronic Filing, General Order No. 08-03 and Local Rule 5.3-3, which provide in part: "Upon the electronic filing of a document, a Notice of Electronic Filing (NEF) is automatically generated by the CM/ECF system and sent by e-mail to all attorneys in the case who are registered as CM/ECF Users and have consented to electronic service. Service by this electronic NEF constitutes service pursuant to the Federal Rules of Civil and Criminal Procedure for all attorneys who have consented to electronic service."

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on March 28, 2018, at Irvine, California.

By: /s/ <u>Nicholas D. Myers</u>
       Nicholas D. Myers

THE MYERS LAW GROUP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

**PLAINTIFF HOME COMFORT HEATING & AIR CONDITIONING, INC.'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION**